ANNIE A. PHILLIPS and others *v.* MOSES L. HOMES.

An action for a breach of covenant, in not paying for improvements put by the mortgagors upon certain mortgaged premises, must be brought under sec. 68 of the Code of Civil Procedure, in the county in which the plaintiffs or the defendants, or any of them, resided at the commencement of the action.

CIVIL ACTION for damages for a breach of covenant, tried on a motion to change the *venue*, at Spring Term, 1874, of CARTERET Superior Court, before his Honor *Judge Clarke.*

At the return term of the summons the plaintiffs complained, &c.:

1st. That on the 6th day of June, 1870, they executed a deed to the defendant by which they mortgaged to him a piece of land to secure a debt in said mortgage recited, of $1,670, which land lies in Rowan county:

2d. That by said deed it was provided, that upon failure by the plaintiffs to pay the said debt, the defendant should have the right to foreclose said mortgage, and that upon the payment of the debt, the plaintiffs should be paid and receive the value of any permanent improvements put upon said lot, not to exceed $500.

3d. That thereafter the defendant commenced an action to foreclose said mortgage, and by a decree of the Court having jurisdiction of the same, the said mortgage was foreclosed and said lands were sold in pursuance thereof, and a deed was, in accordance therewith, made to the purchaser ; and all title and interest of the plaintiff's in said land were transferred from them and passed to the purchaser, so that they have no further interest of any kind in said land or claim thereto.

4th. That said debt of $1,670 and interest has been paid.

5th. That improvements were made on said land by the plaintiffs, worth $500, and said debt being paid, they demanded of the defendant said sum, which he covenanted and promised to pay to the plaintiffs, but which he has refused to do and still refuses.

6th. That the defendant owes to the plaintiff $500 and interest from the .... day of ...... 18—, when said debt of $1,670 was paid :

Wherefore plaintiffs demand judgment, &c.

From the facts set out in the foregoing complaint, the defendant insisted that there should be a change of venue, and that the case should be removed to the county of Rowan, where the land referred to in the complaint is situate ; and before the time of answering said complaint expired, demanded in writing that the trial be had in the Superior Court of Rowan.

Whereupon the Court adjudged and ordered that the case should be removed to the county of Rowan, and that the Superior Court of Carteret did not have jurisdiction of the case.

From this judgment the plaintiffs appealed.

*Haughton,* for appellants.
*Hubbard, McCorkle & Bailey,* contra.

BYNUM, J.   The place of trial of civil proceedings is fixed by C. C. P., secs. 66, 69.   Section 66 provides: " That actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated subject to the power of the Court to change the place of trial in the cases provided in this Code.

1. For the recovery of real property or of an estate or interest therein, or for the determination in any form of such right or interest and for injuries to real property.

2. For the partition of real property ;

3. For the foreclosure of a mortgage of real property ;

4. For the recovery of personal property distrained for any cause."

It is evident that our case falls within neither of these provisions.   Sec. 67 fixes the venue in actions for penalties and against public officers, and sec. 68 provides that all other actions shall be tried in the county in which the plaintiffs or defendants or any of them shall reside at the commencement of the action. Our case falls under this section.

Apart from this provision of the Code, fixing the venue, this action is upon a personal covenant, sounding in damages. The covenant is not that certain improvements shall be put upon the land, but that if they are put upon the land, they shall be paid for; in effect therefore, the action is simply for work and labor done, and in no sense differs from other personal actions. On a breach of the covenant, it becomes a mere personal right, which remains with the covenantee or his executors, and does not descend with the land or run with it. 1 Smith L. Cases, 165.

The action was brought to the property county.

PER CURIAM.                                Judgment reversed.