H. BARUCH et al. v. J. F. LONG et al.

*Creditor's Bill—Action to Set Aside Judgments and Sale of Personal Property for Fraud—Venue—Removal.*

1. Docketed judgments confer no estate or interest in real estate within the meaning of Section 190 (1) of *The Code* but merely the right to subject the realty to the payment of the judgments by sale under execution, and, hence, an action to set aside judgments as fraudulent and for the appointment of a receiver, need not be brought in the county where the property upon which such judgments are liens is situated.

2. An action to set aside the transfer of personal property, as fraudulent and for the appointment of a receiver, is not an action for the recovery of such property and, hence, need not be brought in the county where the same is located as provided by Ch. 219, Acts of 1889, amending Section 190 (4) of *The Code*.

3. An objection to the venue of an action upon the ground that it does not appear that the plaintiff resides in the county where the action was brought, is too late when made for the first time in this Court. Even if that fact should affirmatively appear it does not oust the jurisdiction unless motion to remove is made in apt time.

CIVIL ACTION, in the nature of a Creditors Bill, to set aside as fraudulent certain judgments suffered by the defendant, Z. F. Long, and the transfer by him of personal

property, brought in MECKLENBURG Superior Court against the said Long and others to whom he had conveyed personal property and in whose favor he had suffered judgments to be taken against him. The defendants were residents of Richmond county, and the judgments were taken and the personal property was situated in that county. The defendant Z. F. Long' also had real estate in said county of Richmond.

The defendants moved that the action be removed for trial to Richmond Court for the following reasons:

"1. That the said action is for the determination of a right or interest in real property situated in Richmond county.

"2. That the action is for the recovery of personal property situated in Richmond county. "

The motion was refused and defendants appealed

*Messrs. Jones & Tillett* and *Clarkson & Duls*, for plaintiffs.
*Messrs. Thomas C. Guthrie* and *Shepherd & Busbee*, for defendants (appellants).

CLARK, J. : This is a creditor's bill brought in Mecklenburg county to set aside, because fraudulent and void as to creditors, the transfer of certain articles of personal property and certain judgments suffered by the defendant Long who resided in Richmond county, said personalty being also in Richmond county and the judgments being docketed in the Superior Court thereof; also for the appointment of a receiver and an injunction. The defendant moves to remove to Richmond county upon the ground, (1) that the said action is for the determination of a right or interest in real property situated in Richmond county ; (2) that the action is for the recovery of personal property situated in Richmond county.

BARUCH *v.* LONG.

Neither ground can be sustained. The docketed judgments confer no "estate or interest" in real estate within the meaning of *The Code*, Section 190 (1), but merely the right to subject the realty to the payment of the judgments by sale of the same under execution. It is a lien, taking priority according to the date of docketing. It is true it is said in *Gambrill* v. *Wilcox*, 111 N. C., 42, that "The lien of a docketed judgment is in the nature of a statutory mortgage," and so it is, but it is not said that a judgment when docketed conveys an interest or estate in realty, as a conveyance by mortgage does. *Springer* v. *Colwell*, 116 N. C., 520, merely holds that a proceeding on appeal from an allotment of homestead would be an action "for the determination of an interest or right in real estate" and properly triable in the county where such land lies.

Nor is this an action to recover personalty. The receiver if appointed must bring such action in the county where the personalty is located, since the Act of 1889, Ch. 219, amending *The Code*, Section 190 (4). The judge in his discretion might remove the action if the convenience of witnesses or the ends of justice would be promoted by the change (*Code*, Section 195 (2) ) or if satisfied that a fair trial cannot be had in the county where the action is pending (*Code*, Sections 196, 197) but he cannot be required to remove the cause upon the grounds stated. The objection that it does not appear that the plaintiffs reside in Mecklenburg county comes too late, when made for the first time in this Court. *Devereux* v *Devereux*, 81 N. C., 12. Even if it had affirmatively appeared that the plaintiffs did not reside in Mecklenburg county, the action might be tried in that county unless a motion to remove on that ground had been made in apt time in the court below.

*Code,* Sec. 195; *Cloman* v. *Staton,* 78 N. C., 235; *Leach* v. *Railroad,* 65 N. C., 486; Clark's *Code* (2nd. Ed.) p. 112.

No Error.