### EAMES v. ARMSTRONG.

(Filed November 15, 1904).

1. VENUE—COVENANTS—*The Code, sec. 190.*

> An action for the breach of covenants of seizure and the right to convey is not required to be tried in the county in which the realty is situated.

2. REMOVAL OF CAUSES—*Venue—Witnesses—Judge.*

> The removal of a cause from one county to another, on the ground that the essential evidence upon which the case depends is located in the latter county, is a matter within the legal discretion of the trial judge.

ACTION by Richard Eames against C. A. Armstrong and others, heard by *Judge M. H. Justice* and a jury, at May Term, 1904, of the Superior Court of ROWAN County. From a judgment for the plaintiff the defendants appealed.

*John S. Henderson* and *Overman & Gregory,* for the plaintiffs.

*T. F. Kluttz* and *L. H. Clement,* for the defendant.

DOUGLAS, J. This is an action for damages in a breach of covenant in a deed conveying land. The covenants sued

on are set out in section 3 of the complaint as follows: "That the said deed so made, executed and delivered as aforesaid, contained covenants in substance as follows: 'And the said parties of the first part (*i. e.,* the said C. A. Armstrong and wife, N. J. Armstrong, the defendants in this action) covenant that they are seized of the premises (*i. e.,* the lands described in said deed and in this complaint) in fee, and have right to convey the same in fee-simple; that the same are free and clear from all incumbrances.'" The plaintiff further alleges that at the execution of the deed the defendants did not own the land, were not in possession thereof, and had no right to convey it. Wherefore he demanded damages in the sum of $2,300, the purchase price of the land. The defendants in apt time demanded a removal of the action to Montgomery County in which the land is situated. This motion was refused.

The naked question before us is whether this action comes within any of the provisions of section 190 of The Code, which is as follows: "Actions for the following causes must be tried in the county in which the subject of the action or some part thereof is situated, subject to the power of the Court to change the place of trial, in cases provided in the Code:

(1) For the recovery of real property or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property.

(2) For the partition of real property.

(3) For the foreclosure of a mortgage of real property.

(4) For the recovery of personal property distrained for any cause."

It does not so appear to us, at least as the pleadings now stand. The plaintiff does not claim any interest in the land. On the contrary, he disclaims any interest therein—his alleged failure to acquire any such interest constituting his

cause of action. If he wins his case the title to the land will be in no way affected; while if he loses it we cannot see how the title of those not parties to the action could be affected thereby.

The defendants rely on the cases of *Mfg. Co. v. Brower,* 105 N. C., 440, and *Fraley v. March,* 68 N. C., 160, but those cases, construed in the light of their essential facts, do not sustain their contention. In the former case the Court says, on page 445: "The chief, and, so far as Buxton is concerned, the only purpose of this action is to compel J. C. Buxton, the trustee, to sell lands in the county of Surry, and to order Brower to convey the Buck Shoals lands to the Brower Manufacturing Company," etc. In *Fraley v. March,* the following is the entire opinion of the Court: "The law of the venue of actions, with reference to the residence of the parties, does not govern this case, but the law of the venue with reference to the 'subject of the action.' It is substantially an action 'for the foreclosure of a mortgage of real property,' and that must be tried in the county where the land is situate." C. C. P., 66.

The plaintiff relies upon *Phillips v. Holmes,* 71 N. C., 250, which seems to us in point. In that case the Court says, on page 252: "Apart from this provision of The Code fixing the venue, the action is upon a personal covenant sounding in damages. The covenant is not that certain improvements shall be put upon the land, but that if they are put upon the land they shall be paid for; in effect, therefore, the action is simply for work and labor done, and in no sense differs from other personal actions. On a breach of the covenant, it becomes a mere personal right which remains with the covenantee or his executors and does not descend with the land or run with it."

*Baruch v. Long,* 117 N. C., 509, seems also to sustain the same principle. In that case the action was brought to set

aside certain docketed judgments, as "being in the nature of
a statutory mortgage," but it was held that the case was not
removable as a matter of right, as such a lien upon land is
not an interest therein. In that case *Clark, J.,* in speaking
for the Court, says: "The Judge in his discretion might
remove the action if the convenience of witnesses or the ends
of justice would be promoted by the change,   *   *   *   but
he cannot be required to remove the cause upon the grounds
stated." These words apply peculiarly to the case at bar.
It might well have been removed to the county of Mont-
gomery if the essential evidence upon which the case de-
pended was located in that county, but this was a matter
within the legal discretion of the Judge and not reviewable
by us in the absence of any suggestion of abuse. The judg-
ment of the Court below is

Affirmed.