H. B. CRAVEN v. MARTHA A. MUNGER.

(Filed 15 December, 1915.)

1. **Transfer of Causes—Removal of Causes—Plaintiff's Residence—Administrators and Executors—Court's Discretion—Statutes.**

Where a plaintiff alleges that he is a resident of a certain county wherein he has brought his action to recover for services he has rendered personally to the defendant, the administrator of a deceased person (Rev., sec. 424), it is a matter within the unreviewable discretion of the trial judge as to whether he will transfer the cause for trial to the county wherein the defendant resides, and which had been the residence of the deceased, upon the latter's motion, on the sole ground that "the convenience of the witnesses and the ends of justice would be promoted." Revisal, sec. 425 (2).

2. **Executors and Administrators—Personal Debt—Venue—Election of Plaintiff—Statutes.**

An action brought to recover for services rendered personally to an administrator, not for a debt alleged to be due by the deceased or for the settlement of his accounts or upon his bond as administrator, is a personal action against the administrator, etc., and can be brought at the election of the plaintiff in the county where either he or the defendant resides. Revisal, sec. 424.

APPEAL by defendant from *Long, J.,* at Fall Term, 1915, of BUNCOMBE.

*No counsel for plaintiff.*
*Guion & Guion, Moore & Dunn, and A. S. Barnard for defendant.*

CLARK, C. J. This is an action to recover a money judgment for services rendered by plaintiff to the defendant. The defendant moved to remove to Craven County, where the defendant resides, upon the ground that "the convenience of witnesses and the ends of justice would be promoted by the change." The court denied the motion and the defendant appealed.

The first line of the plaintiff's verified complaint avers that "the plaintiff is a resident of Black Mountain Township, Buncombe County, North Carolina, and at the time of the beginning of this action the defendant is a resident of said township, county and State." In the petition filed by the defendant for removal it is not denied that the plaintiff is a resident of the county of Buncombe, but it is alleged that the services rendered were to her in the settlement and management of her husband's estate, of which she was administratrix; that the services were rendered in New Bern, Craven County, and that the witnesses and evidences necessary for her defense are in Craven, where the plaintiff was also resident prior to his removal to Buncombe County, and that he has brought this action in that county "not by reason of the fact that he was or is now resident of said county, but by reason of its remoteness from Craven," and that she will not be able to attend the trial in Asheville.

The plaintiff was entitled to choose the county of his residence as the forum in which the cause should be tried. Rev., 424. The defendant in the petition does not deny that the plaintiff was, at the commencement of the action, and is now a resident of Buncombe. She puts her motion for removal upon the ground that "the convenience of witnesses and the ends of justice will be promoted by the change." Rev., 425 (2). Said section prescribes that in such case "the court *may* change the place of trial." It has always been held that when removal is sought under this subsection it is a matter which rests entirely in the discretion of the court, and is, therefore, not reviewable.

In *Lassiter v. R. R.,* 126 N. C., 508, it is held: "The court in its discretion may change the place of trial in the three cases named in the subsections" of what is now Rev., 525, and it is said: "The second of these is: When the convenience of witnesses and the ends of justice would be promoted by the change, and the court, in its discretion, granted the removal upon that ground, and such action is not reviewable."

In *Baruch v. Long,* 117 N. C., 511, the Court says: "The judge, in his discretion, might remove the action if the convenience of witnesses or the ends of justice would be promoted by the change, or if satisfied that a fair trial cannot be had in the county where the action is pending, but he cannot be required to remove the cause upon the grounds stated."

In *Eames v. Armstrong,* 136 N. C., 395, this paragraph in *Baruch v. Long* is quoted verbatim and approved, adding that the cause "might well have been removed to the county of Montgomery if the essential evidence upon which the case depended was located in that county, but this was a matter within the legal discretion of the judge, and not reviewable by us in the absence of any suggestion of abuse." It does not appear, and it is not averred here, that there was an abuse of discretion by the court, but merely that upon the facts appearing the judge ought to have used his discretion and removed the cause. In *Belding v. Archer,* 131 N. C., 308, the Court said: "His Honor had the power under the statute to remove the case to Graham for the convenience of witnesses."

The statute is explicit that the judge "may" remove the cause to another county when it appears that the convenience of witnesses or the ends of justice may be served thereby. The language of itself makes it a matter of discretion in the court, and in the only four cases in which the matter has ever been contested by appeal this Court has sustained the plain meaning of the words as giving the judge a discretionary power which is not reviewable by us, save in the case of gross abuse. This we cannot impute to the learned judge who refused this motion, and upon the evidence before him refused to find as a fact that the ends of justice would be served by such removal or to remove the case for the convenience of witnesses.

It is fair to observe that it would be as far and probably as inconvenient for the plaintiff, who is superintendent of a graded school, to go from Asheville to New Bern to attend trial, with the possible contingency of continuances, as for the defendant, who is not in any employment, to go from New Bern to the pleasant health resort at Asheville. It would doubtless be more convenient to the defendant to have the trial in New Bern, but the statute gives the plaintiff in such case the right to bring the action at the place of his residence.

The defendant, in her petition, also avers that the action is against her in her capacity as administratrix, but the allegations in the petition for removal can not change the cause of action as stated in the complaint. However, on the defendant's own statement, this action is neither upon her official bond nor against her in her capacity as administratrix, under Rev., 421. It is not for a settlement of her accounts as administratrix nor even for a debt of her intestate. *Kelly v. Odum,* 139 N. C., 282, cites *Hailey v. Wheeler,* 49 N. C., 159, in which *Pearson, J.,* says: "It is not possible to conceive how a debt of the testator can be created by matter occurring wholly in the executor's time." *Stanley v. Mason,* 69 N. C., 1; *Foy v. Morehead, ib.,* 512; *Bidwell v. King,* 71 N. C., 288; *Clark v. Peebles,* 100 N. C., 352; *Alliance v. Murrell,* 119 N. C., 124, and *Thomas v. Ellington,* 162 N. C., 131, cited

by defendant, were all cases in which the action was brought either upon the official bond, or to settle the estate, or against the executor or administrator on a debt of the intestate and in their official capacity.

This action for services rendered to the administratrix is a mere personal action against the defendant, which can be brought at the election of the plaintiff in the county where either he or the defendant resides. Rev., 434. In *Devane v. Royal*, 52 N. C., 426, it is held that the liability of an executor for counsel or other assistance in the discharge of his duties is a personal debt and not one against the executor as such. This has been often cited with approval, see citations thereto in the Anno. Ed., especially *Kelly v. Odum*, 139 N. C., 282; *Banking Co. v. Morehead*, 122 N. C., 323; and *Lindsay v. Darden*, 124 N. C., 309.

Affirmed.