E. C. GRIFFIN AND H. B. MARSH v. B. T. BARRETT.

(Filed 20 November, 1918.)

**1. Venue— Title to Lands— Exchange of Lands— "Boot"— Pecuniary Considerations—Transfer of Causes—Removal of Causes.**

Where the parties have agreed to an exchange of land, and that plaintiff should be paid in addition a certain price per acre for all of his lands lying beyond a defined line thereon, and accordingly a survey has been made, deeds given, and the "boot" paid in money, an action to recover the price for a greater acreage than that ascertained by the surveyor, upon allegation of mutual mistake induced by his error in making the calculation, is not one involving the title to land, which should be brought in the county where the land is situated.

**2. Appeal and Error—Venue—Objections and Exceptions—Title—Removal of Causes—Transfer of Causes—Motions.**

An appeal directly lies from the refusal of the trial judge to grant a motion to remove an action involving title to land to the county in which the land is situated. As to whether the right will be preserved by exception alone, *Quære?*

**3. Deeds and Conveyances— Equity— Mutual Mistake— Surveyor—Error— Judgments — Estoppel — Evidence — Nonsuit — Questions for Jury — Trials.**

Where the plaintiff sues to recover the balance of a certain agreed price for the surplus of his acreage in an exchange of lands according to the contract made, and there is evidence tending to show that the deeds given by the parties were induced by their mutual mistake, caused by the error of the surveyor in his calculations, the plaintiff's deed will not estop him from recovering under the contract entered upon. The evidence in this case is held sufficient to take the case to the jury.

APPEAL by defendant from *Harding, J.,* at May Term, 1918, of UNION.

*F. W. Ashcraft and Stack & Parker for plaintiffs.*
*Redwine & Sikes and Stewart & McRae for defendant.*

CLARK, C. J. This is an action to recover the balance, or "boot money," due on a contract for the exchange of lands. By the written agreement between the parties 30 October, 1911, the plaintiffs were to convey to the defendant all of their "Bost" tract of land lying north of an agreed line in Cabarrus County, in exchange for which the defendant was to convey to the plaintiffs a certain tract of land in Anson County containing 420 acres, with a provision that if the acreage of the said "Bost" tract of land north of the agreed line should exceed 225 acres, then the defendant was to pay the plaintiff $35 per acre for such excess. Thereafter a survey was made, and the plaintiffs executed a deed to the defendant for said land, and the defendant conveyed to them his Anson

County tract and paying the plaintiffs for excess acreage on the basis. of the tract north of the agreed line containing 270½ acres. The plaintiffs allege that as a matter of fact the said tract contained 287.17 acres. The plaintiffs further allege that the settlement on the basis of 270½ acres was made by the mutual mistake of the parties, caused by the mistake of the surveyor. The jury found that there was a mistake as to the acreage caused by the mistake of the surveyor, and thereupon the judge directed a resurvey and appointed a referee to hear the evidence and to find from the survey and the evidence the true acreage. To this order there was no exception. The referee's report finds that the true acreage in the tract of land above the agreed division line was 287.17 acres. The court overruled the exceptions to the referee's report and entered judgment for the excess, 16.67 acres, and adjudged that the plaintiffs should recover therefor at the rate of $35 per acre, with interest from 3 November, 1914, when the mistake was discovered and demand made for the unpaid balance on the purchase money.

The first exception is that the motion to remove the cause to Cabarrus. was denied. This cannot be sustained. The title to land is not raised by the pleadings nor the evidence. It is simply a question whether under the contract the defendant owes more purchase money than he has paid.

Had there been an issue as to title, the defendant could have appealed at once from a refusal of the motion to remove. *Cedar Works v. Lumber Co.,* 161 N. C., 603. Whether he would have waived his right to appeal on that ground by merely entering an exception without appealing at the time we need not decide. The test whether the question of venue arose was whether the title to land would be affected by this action. *Eames v. Armstrong,* 136 N. C., 393. Whether the plaintiffs had lost or gained this action, the title to the land would not have been affected, for the contract is in evidence and the boundaries of the land are not in dispute.

We do not think the exceptions to the evidence require discussion. There was no error in refusing the motion to nonsuit. The evidence established that the contract was executed as alleged. It was practically uncontradicted that the settlement was made on the basis of 270½ acres; that both parties relied upon Witmore's survey and calculation; and the jury find upon competent evidence that there was a mistake, and the survey made by order of the court, as found by the referee and affirmed by the court, shows that there were 16.67 acres underestimate for which payment has not been made, and for which the plaintiffs under the contract are now entitled to recover at the rate of $35 per acre, according to the terms of the contract.

The former settlement is not an estoppel, for the jury finds that there

was a mistake by the surveyor which misled both parties, and there being such mutual mistake, the plaintiffs are entitled to recover the true amount due under the contract. *Peacock v. Barnes,* 139 N. C., 197. It is true that in the sale of real estate, otherwise than by judicial decree, there is no implied warranty either as to quantity, title, or encumbrance; but in this instance there was an exchange of land with an agreement by defendant to pay for the number of acres above 225 acres at $35 per acre, and there being a mutual mistake as to the quantity, the vendor who was not in laches is entitled to recover for the quantity left out of the settlement.

The court charged the jury that if they found there was a mistake they must further find that it was a mutual mistake of both parties, and that the plaintiff must show by clear, cogent, and convincing testimony that there was such mistake. The defendant cannot complain of this instruction, which would apply rather to proving a mistake in the contract than to a mistake in settlement of the amount due.

There are several other exceptions which the defendant abandons by citing no authority and urging no reason to sustain them; and there were still other exceptions which the defendant has abandoned by not naming them in his brief. *Horton v. R. R.,* 175 N. C., 472. The plaintiffs should reform their deed to recite the courses and distances in the last survey.

No error.