T. K. CAUSEY ET AL. v. A. L. MORRIS ET AL.

(Filed 2 May, 1928.)

**1. Clerks of Court—Right to Change Venue.**

The clerk of the Superior Court has the right to order an action transferred to another county only when a defendant is entitled thereto as a matter of right, and not when it is a matter of discretion; in the latter case it is to be exercised by the judge of the Superior Court upon motion properly made in term.

**2. Courts — Superior Courts — Right to Change Venue — Discretionary Power—Review.**

The exercise of the court's discretionary power to transfer a cause to another county for the convenience of witnesses and to promote the ends of justice, C. S., 470(2), is not reviewable in the Supreme Court. But where, on appeal from the clerk's order removing the action on this ground and on the ground of movant's legal right, the court sustains the order on the latter ground alone, the clerk's right to issue the discretionary order is not presented on appeal to the Supreme Court, but the correctness of the order based on movant's legal right is left to be determined.

**3. Venue—Nature or Subject of Action—Interest in Real Property—What Constitutes Real Action—False Pretense.**

When an action sounds in damages arising from a fraudulent representation inducing the purchase and conveyance of lands for which purchase money notes have been given, and not a foreclosure of a mortgage or the nullification of the transaction, it does not involve an interest in or title to lands under C. S., 463(1), and the action is not removable as a matter of the movant's right, and the plaintiff may select the county of his residence as the venue. C. S., 469.

**4. Courts—Superior Courts—Trial De Novo—Venue.**

On appeal from the order of the clerk of the Superior Court ordering a cause transferred to another county as a matter of right, on the ground that the action involves an interest in lands, C. S., 463(1), the matter should be heard *de novo* during the term of court. 3 C. S., 913(a).

APPEAL by plaintiffs from order of *Stack, J.,* at January Term, 1928, of GUILFORD. Reversed.

Motion for the removal of the above entitled action from the Superior Court of Guilford County to the Superior Court of Rutherford County, for trial, upon the ground that the action is for the determination of a right to or an interest in land situate in Rutherford County, and also upon the ground that the convenience of witnesses and the ends of justice will be promoted by such removal.

From an order allowing the motion, upon the first ground only, and thereupon removing the action in accordance therewith,. as a matter of right, plaintiffs appealed to the Supreme Court.

*Frazier & Frazier and Edward C. Jerome for plaintiffs.*
*Edwards & Duncan and Quinn, Hamrick & Harris for defendants.*

CONNOR, J. Plaintiffs and defendants are all residents of this State. Plaintiffs reside in Guilford County; defendants reside in Rutherford County. This action was commenced in the Superior Court of Guilford County, by summons issued on 20 October, 1927. The summons was duly served on defendants on 27 October, 1927.

After the complaint was filed and before the time for answering had expired, defendants demanded in writing, by motion before the clerk, that the action be removed from the Superior Court of Guilford County to the Superior Court of Rutherford County, for trial, for that Guilford County is not the proper county for the trial of the action. C. S., 470. The ground for this motion was that the action is for the determination of a right to or an interest in land situate in Rutherford County. C. S., 463, subsec. 1. Defendants also prayed that the action be removed by the clerk, in his discretion, for that the convenience of witnesses and the ends of justice would be promoted by the removal from Guilford County to Rutherford County. C. S., 470, subsec. 2. From the order of the clerk, allowing the motion, both as a matter of right, and in his discretion, plaintiffs appealed to the judge, presiding at the next term of the Superior Court of Guilford County. 3 C. S., 913(a). The motion was heard and passed upon, *de novo,* as prescribed by statute, by the judge who allowed the motion as a matter of right, upon the ground, that the action is for the determination of a right to or an interest in land situate in Rutherford County, and is in effect for the foreclosure of a mortgage upon said land, or for the redemption of said land from a mortgage. The judge did not pass upon, or allow the motion for removal, in his discretion, upon the ground that the convenience of witnesses and the ends of justice would be promoted by the removal as prayed for by defendants. Defendants' motion was allowed, and the action removed, by the judge, only as a matter of right. Plaintiffs excepted to the order of the judge, and appealed therefrom to this Court.

The question as to whether a motion for the removal of an action from the Superior Court of the county in which it was commenced, and in which it is pending, to the Superior Court of another county, for trial, upon the ground that the convenience of witnesses and the ends of justice will be promoted thereby, may be made before the clerk, in the first instance, and then heard by the judge *de novo* upon an appeal from the order of the clerk, allowing or disallowing the motion, is not presented on this record. A motion for removal on this ground, as authorized by statute, C. S., 470, subsec. 2, is addressed to the discretion of the court; its order, allowing or disallowing the motion, is not reviewable on appeal

to this Court. *Craven v. Munger,* 170 N. C., 424; *Oettinger v. Livestock Co.,* 170 N. C., 152. The statute authorizing motions for removal to be made before the clerk, refers only to motions to remove as a matter of right. 3 C. S., 913(a). Motions for removal, which may be allowed or disallowed, in the discretion of the court, should be made before the judge, at any time during a term of the court. *Howard v̇. Hinson,* 191 N. C., 366. The clerk of the Superior Court of Guilford County was without power, under the statute, to remove this action, upon the ground that the convenience of witnesses and the ends of justice would be promoted by the removal. The motion for removal upon this ground can be made only before the judge, during a term of the Superior Court.

If the venue for the trial of this action is to be determined solely by the residence of the parties, defendants are not entitled to an order of removal, as a matter of right, for where both plaintiffs and defendants are residents of this State, the plaintiffs are entitled to choose the county of their residence as the forum for the trial of the action. C. S., 469. *Craven v. Munger,* 170 N. C., 424. However, if the action, commenced in Guilford County, and pending therein, is for the determination of a right to or an interest in land situate in Rutherford County, or for the foreclosure of a mortgage on said land, defendants, having moved therefor, in writing, before the clerk, and before the time for answering the complaint had expired, are entitled to the order of removal, as a matter of right, for by statute, when an action is for the determination of a right to or interest in land, or is for the foreclosure of a mortgage on land, it must be tried in the county in which the land is situate, subject to the power of the court to change the place of trial, in its discretion, as authorized by statute, provided defendant has not waived his right to a removal by failure to demand the same, in writing and in apt time. The question involved in this appeal, therefore, is whether the action, as set out in the complaint, is for the determination of a right to or an interest in land situate in Rutherford County, or for the foreclosure of a mortgage on said land. If this question is answered in the affirmative, there was no error in the order of removal, and the order must be affirmed; if in the negative, there was error, and the order must be reversed.

It appears from the allegations of the complaint that in February, 1926, plaintiffs purchased from defendants a certain tract of land, containing 208 acres, situate in Rutherford County, and located in close proximity to the properties of The Chimney Rock, Incorporated, and Lake Lure; that the purchase price for said tract of land, as agreed upon by the parties, was $200 per acre, or $41,600.00; that plaintiffs have

paid to defendants, on account of said purchase price, the sum of $20,300.13, and that defendants now hold notes executed by plaintiffs for the balance due thereon.

Plaintiffs allege that as inducements to them to purchase said tract of land, at the price agreed upon, defendants made certain representations with respect to improvements which the owners of adjoining lands had decided to make upon their said lands, in the near future, which improvements when made would greatly enhance the value of the tract of land which defendants proposed to sell to plaintiffs; that plaintiffs relied upon said representations, and because of same bought the said tract of land, at the price agreed upon; that said representations were false and fraudulent, and the said improvements have not been made upon the adjoining lands; that the tract of land purchased of defendants by plaintiffs, without the improvements on the lands near by, which defendants falsely and fraudulently represented that the owners had decided to make, was not worth the sum of $41,600.00, but was worth only the sum of $5,200.00.

Plaintiffs allege that they have suffered damages by reason of the false and fraudulent representations made by defendants, in the sum of $15,100.13, this being the difference between the amount paid by plaintiffs on the purchase price of said land, and its value; they demand judgment that they recover of defendants the sum of $15,100.13, and that the notes executed by plaintiffs and now held by defendants be canceled and delivered to plaintiffs.

This is an action to recover damages for false and fraudulent representations by which plaintiffs were induced to purchase a tract of land from defendants, and to have certain notes executed by plaintiffs and held by defendants canceled, in partial satisfaction of such damages. If plaintiffs had paid or should be required to pay said notes, the amount of their damages would be increased. The representations alleged in the complaint were not made with respect to the title to or the boundaries of the tract of land which plaintiffs purchased of defendants, but were made with respect to facts which if true would have materially enhanced the market value of the tract of land. It is not an action for the specific performance of a contract for the purchase of land, as was the case in *Council v. Bailey,* 154 N. C., 54; nor is it an action for the rescission or cancellation of such contract, as was the case in *Vaughan v. Fallin,* 183 N. C., 318.

It was held in *Eames v. Armstrong,* 136 N. C., 393, that an action to recover damages for the breach of a covenant in a deed was not an action for the determination of a right to or an interest in land, and that, therefore, the action was not removable as a matter of right to the county in which the land described in the deed was situated. In *Griffin v.*

*Barrett,* 176 N. C., 473, it was held that the test as to whether the title to land is involved in an action, for the purpose of determining its removability as a matter of right, is the judgment which the plaintiff may recover upon the allegations of the complaint. If the plaintiff is entitled to a judgment which will affect the title to land, the action must be tried in the county in which the land is situate; otherwise, it is not removable to such county as a matter of right.

Applying this test to the instant case, it must be held that there was error in the order removing the action from Guilford County to Rutherford County. The title to the land situate in Rutherford County, purchased by plaintiffs of defendants, cannot be affected by any judgment which plaintiffs may recover of defendants upon the allegations of the complaint. Such judgment cannot be a lien on said land, nor can said land be sold for the satisfaction of said judgment, for defendants having conveyed the land to the plaintiffs are not the owners thereof. Notwithstanding said judgment, plaintiffs will remain the owners of said land, claiming title thereto under their deed from defendants.

It does not appear from the allegations of the complaint that the notes of plaintiff, held by defendants, which plaintiffs pray to have canceled, are secured by mortgage or deed of trust upon the land. They are not liens upon the land, because they are purchase-money notes. The answer appearing in the record, which defendants have caused to be prepared, and which they propose to file, cannot be considered upon the motion for removal, for, as required by statute, this motion was made before the time for answering had expired. If defendants had filed an answer, before they made the motion for removal, as a matter of right, they would have thereby waived their right to a removal. *Brown v. Harding,* 170 N. C., 253. This is not an action to foreclose a mortgage, nor for the redemption of land from a mortgage. We therefore do not pass upon the question discussed in the brief of plaintiff's counsel, as to whether an action for the redemption of land from a mortgage must be tried in the county in which the land is situate in the absence of express statutory requirement to that effect. The statute does not so require; it is well settled that venue is a matter for statutory regulation. *Clark v. Homes,* 189 N. C., 703.

Having concluded that this is not an action for the determination of a right to or an interest in land, or for the foreclosure of a mortgage, we must hold that the order removing the action to Rutherford County was erroneous. The order is, therefore,

Reversed.