THE HARRIS CLAY COMPANY v. CAROLINA CHINA CLAY
COMPANY ET AL.

(Filed 15 June, 1932.)

Venue A c—Cause of action in this case held transitory, and motion for change of venue as a matter of right was properly denied.

An action for damages caused by the pollution of a stream resulting in forcing the plaintiff to shut down his clay mining plant lower down along the stream is transitory, and where the plaintiff brings suit in the county in which its principal office is located, the defendant's motion for a change of venue to the county wherein the land is situate, made as a matter of right, is properly refused. C. S., 463.

APPEAL by defendants from *Moore, J.,* at Chambers, Asheville, 21 January, 1932. From JACKSON.

Civil action to recover damages for breach of contract and for tort.

On 23 February, 1924, the plaintiff, a Jackson County corporation, leased from the individual defendants certain mining rights in lands located in Mitchell County.

Immediately following, the plaintiff took possession of said lands, installed equipment and started the operation of its mining plant.

It is alleged that sometime thereafter, the defendants erected a similar plant about two miles above plaintiff's location, and has so polluted the waters of Big Bear Creek as to force the plaintiff to shut down its plant.

This action for damages was instituted in Jackson County, the county of plaintiff's principal place of business, on 20 November, 1931. In apt time, the defendants lodged a motion for change of venue to Mitchell County as a matter of right. Motion overruled, and defendants appeal.

*E. P. Stillwell, Alley & Alley, McBee & McBee, Dan K. Moore and Edwards & Leatherwood for plaintiff.*

*Berry & Green, C. C. Buchanan, Morgan & Gardner and Carter & Carter for defendants.*

STACY, C. J. The case turns on whether the action is local or transitory in its nature. If local, the defendants are entitled to have the cause moved to Mitchell County for trial as a matter of right. C. S., 463. If transitory, the motion for change of venue was properly overruled. *Causey v. Morris,* 195 N. C., 532, 142 S. E., 783.

The action is for the recovery of damages and appears to be a transitory one. It sounds in neither ejectment nor replevin; nor is it an action for injury to real property, such as contemplated by the statute above cited. *Eames v. Armstrong,* 136 N. C., 392, 48 S. E., 769; McIntosh, N. C. Practice & Procedure, 258.

Affirmed.