### T. L. COX v. OAKDALE COTTON MILLS, INC.

(Filed 7 April, 1937.)

**Venue § 3—**

An action to recover damages to land caused by alleged wrongful obstruction of a river causing ponding of water on plaintiff's land, does not involve title to or any interest in land, and is transitory for the purposes of venue, and defendant's motion to remove to the county of its residence, where its land is situate upon which the obstruction was built, is properly refused.

APPEAL by defendant from *Alley, J.,* at February Term, 1937, of RANDOLPH. Affirmed.

This action was heard on the motion of the defendant made in apt time, for the removal of the action, as a matter of right, from the Superior Court of Randolph to the Superior Court of Guilford County, for trial.

The motion was denied and the defendant appealed to the Supreme Court, assigning error in the order denying its motion.

*J. Allen Austin and J. G. Prevette for plaintiff.*
*Roberson, Haworth & Reese for defendant.*

PER CURIAM. This is an action to recover damages for injuries suffered by the plaintiff, as the owner of land situate in Randolph County. The plaintiff is a resident of said county. The action was begun in the Superior Court of Randolph County.

The defendant is a resident of Guilford County. It owns land situate in said county. In apt time, C. S., 470, the defendant moved that the

action be removed from the Superior Court of Randolph County to the Superior Court of Guilford County, for trial, as a matter of right. C. S., 463.

It is alleged in the complaint that the injuries which the plaintiff has suffered were caused by the artificial obstruction by the defendant, on its land in Guilford County, of the water in a river which flows through the land of the defendant, and thence to and through the land of the plaintiff.

For purposes of venue, the action is transitory and not local. *Clay Co. v. Clay Co.*, 203 N. C., 12, 164 S. E., 341; *Causey v. Morris*, 195 N. C., 532, 142 S. E., 783. The action does not involve title to or any interest in land. There is, therefore, no error in the order denying the motion of the defendant. The order is

Affirmed.