C. H. WHEATLEY, d/b/a Americus Engineering and Construction Company, and Stewart County, a political subdivision of the State of Georgia, Plaintiffs,

v.

William Ted PHILLIPS and Ted Jordan, d/b/a Phillips and Jordan, Defendants.

Civ. No. 2139.

United States District Court
W. D. North Carolina,
Asheville Division.

Heard March 9, 1964.

Decided April 13, 1964.

**440**

---

T. D. Bryson, Jr., Bryson City, N. C., for plaintiffs.

Harry DuMont, Asheville, N. C., for defendants.

CRAVEN, Chief Judge:

This is a suit for *monetary* damages resulting from negligent failure to remove cut timber from a lake site in Georgia, the timber having washed into Lower Grass Creek and Rood Creek and damaged the sub-structures of certain bridges. Ownership of the realty is not disclosed by the pleadings and apparently is not an issue. Jurisdiction rests upon diversity of citizenship of the parties. The defendants have moved the court to dismiss the action on the ground that it is for damage to real property situated in Stewart County, Georgia, and is, therefore, a "local" action that cannot be maintained in the district court for the Western District of North Carolina.

 The distinction between jurisdiction and venue is of hornbook importance and cannot be overemphasized. Jurisdiction is the power to adjudicate. Venue relates to the convenience of the parties and to the proper place where the power to adjudicate may be exercised. Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L. Ed. 167, 128 A.L.R. 1437 (1939); Barron & Holtzoff, Federal Practice and Procedure, Section 71; Wright, Federal Courts, Section 42. Not until 1887 were there any significant venue requirements for civil actions in the federal courts. Even now the federal statutory provisions seem broad enough to include local actions, and there is no express general provision to the contrary, i. e., there is no federal law of general application fixing the venue of "local"

actions. Barron & Holtzoff, Federal Practice and Procedure, Section 72. But, it is not easy to escape the past, and the tentacles of the common law causes of action survive as a tangled web requiring careful attention to outmoded procedural concepts. Thus, it is as necessary now as ever before to carefully attempt to distinguish between local and transitory actions.

Such attempts have been notoriously unsuccessful. Barron & Holtzoff, Federal Practice and Procedure, Section 72. It would be easier, and perhaps more profitable, to determine how many angels at a given moment can stand on the head of a pin. But the foolish must be attempted and the instant case put into its important but meaningless pigeonhole.

"This distinction between local and transitory actions goes back to very far-off days, yet the line of demarcation between the two has been, and still remains, obscure and uncertain. Most of the judges have followed ancient saws and sayings, with little or no attempt to analyze the nature and validity of the underlying reasons." Dobie, Federal Procedure, 1928, p. 490.

The job would entail little frustration and slight mental exercise if it could be positively asserted that venue relates only to venue. But a recent study indicates that the matter is jurisdictional in actions *in rem*. Note, Local Actions in the Federal Courts, 1957, 70 Harv.L. Rev. 708, 712–713.

If venue does not relate to power to adjudicate but merely to convenience, it would seem that the decision of the district judge ought to be final unless appealable before trial. This is so for the simple reason that neither party can claim that "convenience" can be served *after* trial by vacating the judgment and dismissing the action. Such a result may serve the substantive interest of one of the parties, but could not serve the "convenience" of either.

What law is to be followed in determining whether this action is local or transitory? If is said that federal juris-

diction and venue ought to be exclusively a federal concern. Chief Justice Marshall was of the *opinion* that the federal courts should determine this question for themselves, Livingston v. Jefferson, C.C.Va. 1811, 15 Fed.Cas. 660, 665, Fed. Cas. No. 8,411, but later cases suggest, perhaps erroneously, that he *held* to the contrary. Barron & Holtzoff, Federal Practice and Procedure, Section 72. If "federal" law is to control, cf., Big Robin Farms v. California Spray-Chemical Corp., 161 F.Supp. 646 (W.D.S.C.1958). But the rationale of that decision is resort to South Carolina law—not "federal" law.

If it be assumed that state law is applicable, it is not crystal clear whether the law of Georgia or that of North Carolina pertains. Probably whether an action for trespass to land in one state can be brought in another state depends on the view which the *latter* state takes of the nature of the action. Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123 (1892). In Livingston v. Jefferson, supra, Chief Justice Marshall applied the law of Virginia, where the suit was pending, rather than the law of Louisiana, where the trespass had occurred.

Despite a persuasive dissent by both the Chief Justice and the Presiding Justice, the other members of the Supreme Court of Georgia have adopted the rule that an action for a tort against real property is a "local" action and, as such, must be maintained in the jurisdiction where the land is located. Laslie v. Gragg Lumber Co., 184 Ga. 794, 193 S.E. 763, 113 A.L.R. 932 (1937). But, the law of North Carolina is to the contrary, and, if state law is to be applied, it ought to be the procedural law of this state in which the action is pending.

Cox v. Oakdale Cotton Mills, Inc., 211 N.C. 473, 190 S.E. 750, was an action to recover damages to land caused by wrongful obstruction of a river which caused a ponding of water on the plaintiff's land. In a per curiam opinion, the Supreme Court of North Carolina said: "For purposes of venue, the action is transitory and not local. * * * (It) does not involve title to or any interest in land." It must be noted, however, that in Cox v. Oakdale Cotton Mills, Inc., supra, the action was pending in the county in which the alleged injury to realty occurred. The case cannot be cited as a clear-cut holding on the facts that it might have been instituted in a county different from the one in which the realty was located. But, the dicta contained in it, above quoted, is to that effect. It becomes plain that the court meant what it said when Harris Clay Co. v. Carolina China Clay Co., 203 N.C. 12, 164 S.E. 341, is read. Plaintiff brought this action for damages caused by the pollution of a stream resulting in forcing plaintiff to shut down his clay mining plant lower down along the stream. The action was brought in a county *other than* that in which the realty was located, and defendants made a motion to change the venue as a matter of right. Holding that the trial court's denial of the motion for change of venue was correct, Chief Justice Stacy, in an opinion nine lines long, said, in part: "The action is for the recovery of damages, and appears to be a transitory one. It sounds in neither ejectment nor replevin; nor is it an action for injury to real property, such as contemplated by the statute (C.S.N.C. 463)." The referenced statute (now G. S.N.C. § 1–76) provides that certain cases must be tried in the county in which the subject of the action, or some part thereof, is situated. The germane category reads as follows: "Recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, *and* for injuries to real property." (Italics mine.) Although the court does not construe the language, it is significant that the last two clauses are joined together by the conjunctive. Thus, half of the package, "injuries to real property", *considered alone*, is transitory, and it is so held in North Carolina. "A distinction based on the difference between actions in rem and actions in personam would make much sense."

Wright on Federal Courts, p. 135. North Carolina apparently makes this sensible distinction.

■■ This court has jurisdiction—the power to adjudicate this civil action. Whether this district is one of the appropriate places of trial (venue) is determinable by federal law or the law of the state in which the action is pending—North Carolina. The North Carolina law is clear. The federal law is less readily ascertainable. See Cobb v. National Lead Co., 215 F.Supp. 48 (E.D. Ark.1963). "Fortunately the difference is not of great practical importance, for in most instances state law has developed in accord with the federal decisions." Barron & Holtzoff, Federal Practice and Procedure, Section 72. Or vice versa.

■ The only meaningful question running through all the cases seems to be whether the action is one *in rem*, i. e., actually affecting title or the realty itself. With this distinction in mind, it is plainly apparent that the allegations of the complaint in this case are directed towards getting a monetary judgment and damages *in personam*. Whatever judgment may result, the land itself in Georgia and legal title will not be affected. This is a transitory action and venue is not in the "wrong * * * district." 28 U.S.C.A. § 1406(a). The defendants' motion to dismiss will be denied.

■ Even if this be the "wrong * * district", there is sufficient jurisdiction (power) to transfer the case to a district where it might have been brought. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

At the hearing on the defendants' formal written motion to dismiss, counsel for defendants moved the court orally and in the alternative (if the motion to dismiss be denied) that the court transfer the case from this district to the proper district in Georgia on the ground of *forum non conveniens*. One of plaintiffs is a political subdivision of the State of Georgia. The other plaintiff is a resident of Sumter County, State of Georgia. No reason appears for plaintiffs' opposition to the defendants' motion to remove. The alleged tort occurred in Georgia, and the damage also. If the defendants were negligent they were negligent in Georgia, and, presumably, most of the witnesses to the alleged log jam and water diversion are persons resident in Georgia. Indeed, it does not appear that any persons concerned other than the defendants themselves would have any basis for objecting to the trial taking place in the appropriate district in the State of Georgia. And the defendants seek transfer to Georgia.

■ For the convenience of parties and witnesses, and in the interest of justice, this civil action ought to be transferred to the appropriate district and division in the United States District Court in the State of Georgia. Unfortunately, there is the question whether this court has the power to order such a transfer. Is the case one which "might have been brought" in the appropriate district in Georgia? At the time when the plaintiffs instituted the action, had they the unqualified right to bring the suit in the district court in Georgia? What of the fact that *defendants* make the motion to transfer? Ordinarily venue may be waived. Annotation: Waiver of Venue, 5 L.Ed.2d 1056. Since it was assumed, and not argued, that the case might have been brought in the appropriate district in Georgia, the court defers ruling on the motion to transfer under 28 U.S.C.A. § 1404(a) and requests counsel to file within thirty days affidavits from which it may be determined whether the case "might have been brought" in the appropriate district in the State of Georgia. See: Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L. Ed.2d 1254 (1960); Annotation: Transfer to Proper District, 8 L.Ed.2d 852, et seq.