CHARLES D. OWENS AND WIFE, EDNA OGLE OWENS v. ROY BOLING, RUBY L. BOLING, W. D. BOLING AND AGNES BOLING

No. 28

(Filed 9 October 1968)

1. Appeal and Error § 39— waiver of Supreme Court rules — agreement by attorneys to bypass term

Counsel may not waive the rules of the Supreme Court; consequently, it was beyond the authority of the attorneys to bypass the term at which the appeal was required to be docketed.

**2. Appeal and Error § 39— dismissal of appeal not aptly docketed**

Where the appeal is not docketed in the Supreme Court within the time allowed by the rules so that the appeal is carried beyond the term at which it should have been heard, the Supreme Court will dismiss the appeal *ex mero motu.*

**3. Venue § 5— motion to remove under G.S. 1-76(1)**

An action to recover the amount paid toward the purchase price of real property for breach of covenants against encumbrances and for fraudulent misrepresentations as to the lack of restrictions on the property is not an action involving the title to real estate, and defendants' motion to remove the action as a matter of right under G.S. 1-76(1) to the county in which the land is situated is properly denied.

APPEAL by defendants from *Bryson, J.,* 1967 Mixed Session of RUTHERFORD.

Motion under G.S. 1-83(1) for a change of venue.

Plaintiffs, residents of Rutherford County, instituted this action in that county on 16 June 1967. They make the following allegations:

On 1 September 1964, by warranty deed, defendants conveyed to plaintiffs a tract of land in Brunswick County containing 125 acres and known as Horse Island. The northern boundary line of the property is the Inland Waterway Canal. The only encumbrance excepted from the warranty was a certain deed of trust upon which a balance of $2,228.07 was due. At the time of the conveyance to plaintiffs, defendants knew that the land was subject to an easement giving the United States Corps of Engineers the right to pump sand, mud, silt or other refuse from the Inland Waterway onto the island. Plaintiffs, who had no knowledge of the easement, bought the island for the purpose of developing it as a resort community. Defendants knew of this purpose. Despite their knowledge that the island was subject to the "dump" easement, defendants assured plaintiffs that there were no restrictions on the property and that lots could be sold for $60.00-$70.00 per front foot. The easement renders the island totally worthless. Prospective purchasers, as soon as they learned of the easement, declined to buy. Plaintiffs have paid defendants $22,142.77 toward the purchase price of the property; $19,497.47 remains unpaid.

In two causes of action plaintiffs seek to recover the $22,142.77 that has been paid. The first is based upon the alleged breach of covenants against encumbrances contained in the warranty deed; the second, upon defendants' alleged fraudulent misrepresentations as to the property's resale value and the lack of restrictions upon it.

On 17 July 1967, defendants filed a motion to remove the cause

to Brunswick County. They assert: Rutherford is not the proper venue because each alleged cause of action involves the determination of a right or interest in real property, and, under G.S. 1-76(1), these causes must be tried in the county where the land is situated.

Judge Bryson entered an order on 25 September 1967 in which he denied the motion to remove. At the same time, in open court, defendants gave notice of appeal. On 24 July 1968, defendants docketed their appeal in this Court.

*Hamrick & Hamrick for plaintiff appellees.*

*Sullivan & Norne and Frink & Gore for defendant appellants.*

PER CURIAM.

When the order from which defendants gave notice of appeal was entered on 25 September 1967, appeals from the Twenty-Ninth District had already been called at the 1967 Fall Term of this Court. Therefore, appellants were required to docket their appeal not later than "at the next succeeding term," that is, the Spring Term 1968. Rule 5, Rules of Practice in the Supreme Court, 254 N.C. 785; *State v. Farmer,* 188 N.C. 243, 124 S.E. 562. The deadline for docketing appeals from the Twenty-Ninth District at the Spring Term was 10:00 a.m. on Tuesday, 9 January 1968. Notwithstanding, appellants ignored that term of Court and waited until 24 July 1968 to docket their appeal. This delay carried the case beyond the Spring Term.

[1, 2] Counsel may not waive the rules of this Court. *In re Suggs,* 238 N.C. 413, 78 S.E. 2d 157; *Jones v. Jones,* 232 N.C. 518, 61 S.E. 2d 335; *State v. Butner,* 185 N.C. 731, 117 S.E. 163. Consequently, it was beyond the authority of the attorneys to bypass a term. *Mimms v. R. R.,* 183 N.C. 436, 111 S.E. 778. "The rules of practice in the Supreme Court are mandatory, not directory, and must be uniformly enforced. . . . Neither the judges, nor the solicitors, nor the attorneys, nor the parties have any right to ignore or dispense with the rules requiring such docketing within the time prescribed. . . . If the rules are not observed the Court may *ex mero motu* dismiss the appeal" *Stone v. Ledbetter,* 191 N.C. 777, 779, 133 S.E. 162, 163. In *Kernodle v. Boney,* 260 N.C. 774, 133 S.E. 2d 697, the defendant-appellant's delay in docketing carried the case beyond the Spring Term at which it should have been heard. This Court, *ex mero motu,* dismissed that appeal. Appellants' appeal in this case is likewise dismissed.

[3] We note, however, that the dismissal works no injury to defendants. The ruling of the trial judge, from which defendants gave

notice of appeal, was clearly correct; the action does not affect the title to real estate. *Rose's Stores v. Tarrytown Center,* 270 N.C. 201, 154 S.E. 2d 320; *White v. Rankin,* 206 N.C. 104, 173 S.E. 282; *Causey v. Morris,* 195 N.C. 532, 142 S.E. 783; *Griffin v. Barrett,* 176 N.C. 473, 97 S.E. 394; *Eames v. Armstrong,* 136 N.C. 392, 48 S.E. 769.

Appeal dismissed.