ROSE'S STORES, INC., v. TARRYTOWN CENTER, INC., AND TARRYTOWN DEVELOPMENT COMPANY.

(Filed 3 May, 1967.)

**1. Venue § 7—**

A motion for change of venue made before the time for answer has expired is made in apt time. G.S. 1-83.

**2. Pleadings § 2—**

The nature and purpose of an action is to be determined by the allegations of the complaint.

**3. Venue § 5—**

Where the facts alleged in the complaint put in issue the title to land, or the judgment which may be rendered thereon would affect an interest in land, the action is removable as a matter of right upon motion aptly made to the county in which the land is situate. G.S. 1-76.

**4. Same—**

Plaintiff lessee brought this action in the county of its residence against defendant lessor to enjoin lessor from constructing a building which plaintiff alleged would encroach upon the parking area and driveway rights which were guaranteed to plaintiff in the lease of a store in lessor's shopping center. *Held:* The action is to obtain a decree *in personam* to enforce contractual rights under the lease, and judgment would not alter the terms of the lease, require notice to third parties, or affect title to the land, and therefore defendant's motion to remove as a matter of right to the county in which the land is situate was properly denied.

APPEAL by defendants from *Johnson, J.,* November 1966 Civil Session of VANCE.

Defendant Tarrytown Center, Inc., is the owner and lessor of a shopping center complex in or near the City of Rocky Mount, Nash County, North Carolina. Plaintiff, as lessee, entered into an agreement with Tarrytown Center on 29 July 1963 to lease a certain store within the shopping center from defendant. It is alleged by plaintiff that the lease provided it was to have a non-exclusive right in common with other lessees in the shopping center to the parking and service areas, drives, walks and entrances, for the use of itself, its invitees, and others who service or deliver to plaintiff. It is further alleged that Tarrytown Center was to provide, grade and surface these areas at its own expense, and, further, that it was to "provide an adequate and sufficient area adjacent to and adjoining Tenant's service entrance for standing, loading, unloading and otherwise servicing the building demised, . . . and that a paved driveway at least twenty (20) feet in width will be constructed so as to provide a means of ready ingress and egress from said area"; and it was further alleged that Tarrytown Center was to "keep said parking

areas, sidewalks, streets, aisles, driveways, service and common areas unobstructed." A "Plot and Development Plan of the Shopping Center" was attached to the lease as exhibit "A" and made a part thereof.

Plaintiff filed complaint, alleging that in March 1966 defendant Tarrytown Center, through its agent, the defendant Construction Company, began construction of a department store across a driveway running along the north side of plaintiff's building; that the building under construction is in excess of the size provided for future construction according to the Plot and will occupy space which would otherwise be used for parking by visitors to plaintiff's store; and, further, that in the course of the construction, defendants have broken up the driveway and otherwise obstructed it, thereby hampering deliveries made to plaintiff's store.

Defendants are North Carolina corporations, with principal offices and places of business in Rocky Mount, Nash County, North Carolina. Plaintiff is a Delaware corporation, domesticated and doing business in the State of North Carolina, with its principal North Carolina office in the City of Henderson, Vance County.

Plaintiff prayed that defendants be permanently enjoined from violating the terms of the lease agreement, and that defendants appear and show cause why a temporary restraining order should not be issued pending final hearing on the merits.

After filing of the complaint and before time to answer had expired, appellants moved before the Clerk of Superior Court of Vance County that the action be removed to Nash County by authority of G.S. 1-76. The motion was allowed by the Clerk. This order was appealed to the Superior Court of Vance County, and on 9 November 1966 an order was entered by Judge W. A. Johnson reversing the Clerk's order and denying defendants' motion for change of venue.

Defendants appealed.

*Perry, Kittrell, Blackburn & Blackburn for plaintiff.*

*Battle, Winslow, Scott & Wiley; Simpson, Thacher & Bartlett for defendants. Robert M. Wiley, John A. Guzzetta and David R. Solin of Counsel.*

BRANCH, J. Defendants made a motion for change of venue as a matter of right, by virtue of G.S. 1-76, before time for answering expired. The motion was made in apt time. G.S. 1-83; *Casstevens v. Membership Corp.,* 254 N.C. 746, 120 S.E. 2d 94.

The pertinent portion of G.S. 1-76 reads:

"Where subject of action situated. — Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial in the cases provided by law:

1. Recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property."

The nature and purpose of plaintiff's action is to be determined by the allegations of its complaint. *Casstevens v. Membership Corp., supra.* According to plaintiff's allegations, it seeks, by reason of the terms of a lease agreement, to restrain defendants from constructing a building and obstructing a certain area in which plaintiff contends it has a right of way according to the terms of said lease.

The sole question presented by this appeal is whether the action is removable as a matter of right to the county in which the land is situate.

When the title to real estate may be affected by an action, this Court has consistently held the action to be local and removable to the county where the land is situate by proper motion made in apt time.

*Penland v. Church,* 226 N.C. 171, 37 S.E. 2d 177, was an action instituted in Yancey County to recover payment on a contract for construction of a building in Mitchell County and for an order directing sale of the real property to satisfy same under laborer's and materialman's liens filed in Mitchell County. The Court affirmed the order granting motion to move to Mitchell, stating: "And we see no essential difference in so far as an interest in real property is involved, in an action to foreclose a mortgage, a lien created by contract, and in one to foreclose a specific statutory lien on real property."

In *Powell v. Housing Authority,* 251 N.C. 812, 112 S.E. 2d 386, plaintiff, a resident of Sampson County, brought an action in that county to determine the ownership of six tracts of land situate in Wayne County. Defendant in apt time moved for change of venue to the county in which the land was situate. The Court, in holding that the action should be removed to the county in which the land was situate, stated: "Here the cause of action is the title to land. . . . In our opinion, sound reason and the weight of authority support the position that an action involving the title to real estate is properly triable in the county in which the land is situate."

*Bohannon v. Trust Co.,* 198 N.C. 701, 153 S.E. 263, was a case in which plaintiff brought an action in Catawba County to restrain

the defendant, a Virginia trust company, from foreclosing its mortgage on lands lying in Buncombe County. The defendant made a timely motion for change of venue to Buncombe County, the situs of the land. Sustaining the granting of the motion, this Court said: "This action is, in effect, one to redeem land from a mortgage or deed of trust, and necessarily calls for the determination, in some form, of the rights or interests of the parties therein."

The plaintiff in the present case does not seek a judgment that would affect an interest in land, but seeks a judgment *in personam*.

McIntosh, Vol. 1, sec. 779, p. 416, states: "Specific performance of a contract for the sale of land is an equitable remedy and is often granted under the equity practice when the parties are within the jurisdiction of the court, although the land itself is not within the jurisdiction, since equity acts *in personam* and can compel a conveyance through its control over the person. To carry out the idea of a decree acting *in personam*, it may be necessary to consider a suit for specific performance as being transitory instead of local, . . ."

In the case of *Baruch v. Long*, 117 N.C. 509, 23 S.E. 447, a creditor's bill was brought in Mecklenburg County to set aside, because fraudulent and void as to creditors, the transfer of certain personal property and certain judgments suffered by the defendant Long who resided in Richmond County, the judgments being docketed in Richmond County. The defendant moved to remove to Richmond County upon the ground that the action was for determination of a right or an interest in real property situate in Richmond County. Holding that the motion was properly refused, the Court stated: "The docketed judgment confers no 'estate or interest' in real estate within the meaning of The Code, section 190(1) (now G.S. 1-76), but merely the right to subject the realty to the payment of the judgment by sale of the same under execution. It is a lien, taking priority according to the date of docketing. It is true it is said in *Gambrill v. Wilcox*, 111 N.C. 42: 'The lien of a docketed judgment is in the nature of a statutory mortgage,' and so it is, but it is not said that a judgment when docketed conveys an interest or estate in realty, as a conveyance by mortgage does."

Again considering this matter, this Court, in the case of *White v. Rankin*, 206 N.C. 104, 173 S.E. 282, held that where an action is brought on a note secured by a deed of trust, in which neither the trustee nor the trustors are parties, a motion to remove to the county in which the land lay was properly denied, since "The action does not involve any estate or interest in the land situate in Gaston County and described in the deed of trust referred to in

the complaint. On the facts alleged in the complaint, plaintiff is entitled to recover a personal judgment against each of the defendants for the amount due on the note. . . . She is not entitled on these facts to a foreclosure of the deed of trust by judgment or decree in this action."

McIntosh, Vol. 1, § 772, p. 411, states: "The test to be applied is: if the judgment to which the allegations of the complaint would entitle plaintiff, will affect the title to land, the action is local; otherwise, it is transitory."

The Court, in *Eames v. Armstrong*, 136 N.C. 392, 48 S.E. 769, held that an action to recover damages for breach of covenants of seizin and right to convey in a deed was not an action for the determination of a right or interest in land and therefore the action was not removable, as a matter of right, to the county in which the land was situate. The Court said: ". . . 'Apart from this provision of the Code fixing the venue, the action is upon a personal covenant sounding in damages. . . . On a breach of the covenant, it becomes a mere personal right which remains with the covenantee or his executors and does not descend with the land or run with it.'"

In the case of *Causey v. Morris*, 195 N.C. 532, 142 S.E. 783, there was an action to recover damages for false and fraudulent representations by which plaintiffs were induced to purchase a tract of land from defendants and to have certain notes executed by plaintiffs and held by defendants cancelled in partial satisfaction of damages. The representations were not made with respect to the title or the boundaries of the land which plaintiffs purchased from defendants. The Court held that this did not involve an interest in or title to land; that under C.S. 463(1), (now G.S. 1-76), an action was not removable as a matter of movant's right, and the plaintiff could select the county of his residence as the venue. The Court stated: "The title to the land situate in Rutherford County, purchased by plaintiffs of defendants, cannot be affected by any judgment which plaintiffs may recover of defendants upon the allegations of the complaint. Such judgment cannot be a lien on said land, nor can said land be sold for the satisfaction of said judgment, for the defendants having conveyed the land to the plaintiffs are not the owners thereof. Notwithstanding said judgment, plaintiffs will remain the owners of said land, claiming title thereto under their deed from defendants."

In the case of *Griffin v. Barrett*, 176 N.C. 473, 97 S.E. 394, it was held that the test as to where the title to land involved in an action, for the purpose of determining its removability as a matter of right, is the judgment which the plaintiff might recover on the allegations

of the complaint. If the plaintiff is entitled to a judgment which will affect the title to the land, the action must be tried in the county in which the land is situate; otherwise, it is not removable to such county as a matter of right.

"Title to realty must be directly affected by the judgment, in order to render the action local, and an action is not necessarily local because it incidentally involves the title to land or a right; or interest therein, or because the judgment that may be rendered may settle the rights of the parties by way of estoppel. It is the principal object involved in the action which determines the question, and if title is principally involved or if the judgment or decree operates directly and primarily on the estate or title, and not alone *in personam* against the parties, the action will be held local." 92 C.J.S., Venue, § 26, pp. 723, 724.

The judgment plaintiff seeks by its complaint would not alter the terms of the lease, nor would it require notice to third parties. The only result, should plaintiff prevail, would be the personal enforcement of rights granted under a contract of lease. This is a personal right and does not run with the land. Whatever the outcome of this action, the title to the land would not be affected. The defendants would still be owners, with their title unimpaired by this suit. The complaint sounds of breach of contract and not for "recovery of real property, or of an estate or interest therein, or for the determination of any form of such right or interest, and for injuries to real property." G.S. 1-76.

This is a transitory action and is not removable as a matter of right to the county in which the land is situate.

Affirmed.