J. WILEY THOMPSON, PLAINTIFF, v. HUGH D. HORRELL, DEFENDANT.

(Filed 12 January, 1968.)

1. **Venue § 5—**

The form of action alleged in the complaint determines whether a cause
is local or transitory.

2. **Same—**

An action to recover monetary damages for the breach of a contract to
construct a house is not a local action within the purview of G.S. 1-76(1),
and the cause may not be transferred as a matter of right to the county
wherein the house is located.

3. **Same—**

An action is local and must be tried in the county wherein the land is
located if the judgment to which the plaintiff would be entitled upon the
allegations of the complaint will affect the title to the land; otherwise,
the action is transitory and must be tried in the county where one or
more of the parties reside at the commencement of the action. G.S. 1-82.

4. **Venue § 8—**

In an action brought by plaintiff in his resident county to recover dam-
ages for breach of contract in constructing a house located in another
county, it is premature for the court to grant a motion for change of
venue for the convenience of witnesses before the defendant has filed any

pleadings, since until the allegations of the complaint are traversed there is no basis for the court to exercise its discretionary power to order change of venue.

LAKE, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Mintz, J.*, 26 June 1967 Regular Civil Non-Jury Session of WAKE.

Plaintiff, a resident of Wake County, instituted this action against defendant, a resident of Carteret County, to recover damages for breach of a construction contract. In brief summary, the complaint alleges:

Defendant agreed to construct — according to plaintiff's plans — a beach house for him at Emerald Isle in Carteret County. Defendant's work did not conform to the plans; his construction was unsightly and unsafe. As a result, plaintiff had to engage another contractor to correct defendant's faulty work and finish the house. Plaintiff is entitled to recover damages in the amount of $1,924.00.

Before the time for answering expired, defendant filed a motion to remove the cause to Carteret County as a matter of right, for that the action involves "rights and interest" in real property located there.

When the motion came on to be heard before Judge Mintz, defendant introduced an affidavit from which it appeared, *inter alia*, that defendant had instituted an action in Carteret County to foreclose a laborer's lien in the amount of $1,361.20, which he had filed against the beach house. After considering the complaint and defendant's affidavit, Judge Mintz, "being of the opinion that this cause ought to be removed," in his discretion ordered a transfer to Carteret County. Plaintiff excepted and appealed.

*John V. Hunter, III, for plaintiff appellant.*
*Wheatly & Bennett; Boyce, Lake & Burns for defendant appellee.*

SHARP, J. The form of action alleged in the complaint determines whether a cause is local or transitory. *Blevens v. Lumber Co.*, 207 N.C. 144, 176 S.E. 262. Plaintiff's action is to recover monetary damages for the breach of a contract to construct a house. Its purpose is not to recover real property, not to determine an estate or interest in land, and not to recover for damages to realty. It is not, therefore, a local action within the meaning of G.S. 1-76(1), and defendant is not entitled to have the cause removed to Carteret County as a matter of right. *Casstevens v. Membership Corp.*, 254 N.C. 746, 120 S.E. 2d 94; *Lamb v. Staples*, 234 N.C. 166, 66 S.E. 2d 660; *White v. Rankin*, 206 N.C. 104, 173 S.E. 282; *Warren v. Herrington*, 171 N.C. 165, 88 S.E. 139. The test is this: If the judgment to which

plaintiff would be entitled upon the allegations of the complaint will affect the title to land, the action is local and must be tried in the county where the land lies unless defendant waives the proper venue; otherwise, the action is transitory and must be tried in the county where one or more of the parties reside at the commencement of the action. G.S. 1-82. *Penland v. Church,* 226 N.C. 171, 37 S.E. 2d 177; 1 McIntosh, North Carolina Practice and Procedure § 771 (2d Ed., 1956).

The cause which plaintiff has stated was properly brought in Wake, the county of his residence, and defendant cannot force its removal to Carteret County as a matter of right. The judge, aware of the rule, did not order the case removed as a matter of law but attempted to transfer it in his discretion. His Honor obviously concluded that the ends of justice and the convenience of witnesses would require that this action (begun in Wake County for the breach of a contract to build a house) and defendant's action to foreclose a laborer's lien on the same house (instituted in Carteret County as required by G.S. 1-76) be tried together. Nevertheless, in ordering the removal before defendant had filed his answer, the judge acted prematurely. "[U]ntil the allegations of the complaint are traversed, the occasion for the exercise of discretion will not arise upon the motion for removal for the convenience of witnesses and the promotion of justice." *Indemnity Co. v. Hood, Comr.,* 225 N.C. 361, 362, 34 S.E. 2d 204-05; *accord, Lowther v. Wilson,* 257 N.C. 484, 126 S.E. 2d 50. Furthermore, it is noted that defendant's motion to remove was made as a matter of right under G.S. 1-76 and G.S. 1-83(1). It was not addressed to the court's discretion under G.S. 1-83(2). If so advised, after he has answered the complaint, defendant may yet file a motion to remove the action to Carteret County for the promotion of the ends of justice and the convenience of witnesses. *Teer Co. v. Hitchcock Corp.,* 235 N.C. 741, 71 S.E. 2d 54.

Error and remanded.

LAKE, J. took no part in the consideration or decision of this case.