FIRST UNION NATIONAL BANK OF NORTH CAROLINA v. THE NORTHWESTERN BANK

No. 7330SC74

(Filed 25 April 1973)

1. Venue § 2— transitory action — residence of either party as proper venue

An action against defendant for money damages for its alleged failure to procure the signature of a joint payee of a check and for breach of "the accepted banking practice" of honoring its warranty to redeem such check upon dishonor and notice of dishonor is transitory; therefore, either the county of residence of the plaintiff or defendant is the proper venue.

2. Venue § 2— domestic corporation — residence

For the purpose of suing or being sued, a domestic corporation is a resident of the county where it has its registered or principal office. G.S. 1-79.

3. Venue § 2— domestic corporation — county of registered or principal office as proper venue

Where both plaintiff and defendant are corporations, neither has its registered or principal office in Jackson County where the action was instituted, but defendant, a domestic corporation, has its princi-

pal and registered office in Wilkes County, Wilkes County is the proper venue. G.S. 1-79; G.S. 1-82.

APPEAL by defendant from *Falls, Judge,* 9 October 1972 Session of Superior Court held in JACKSON County.

Plaintiff, First Union National Bank of North Carolina (payor bank) instituted this action in the District Court held in Jackson County, to recover of defendant, The Northwestern Bank (depositary bank) $11,538.03 for its alleged failure to procure the signature of a joint payee of a check and for breach of the "accepted banking practice" of honoring its warranty to redeem such check upon dishonor and notice of dishonor. Upon motion of defendant, the case was transferred to the Superior Court held in Jackson County.

Plaintiff is a national bank with its principal and registered office in Mecklenburg County and with branch offices in several counties in this State including Jackson County. Defendant is a state bank with its principal and registered office in Wilkes County and with branch offices in several counties, but none in Jackson County.

Defendant, before filing a responsive pleading, made motion for a change of venue to Wilkes County. By order filed 11 October 1972, defendant's motion was denied. Defendant appealed.

*Holt & Haire, P.A., by R. Phillip Haire, for plaintiff appellee.*

*W. G. Mitchell for defendant appellant.*

HEDRICK, Judge.

Defendant assigns as error the denial of its motion for change of venue.

[1] The present action being transitory, either the county of residence of the plaintiff or defendant is the proper venue. *Thompson v. Horrell,* 272 N.C. 503, 158 S.E. 2d 633 (1968); G.S. 1-82.

[2] For the purpose of suing or being sued, a domestic corporation is a resident of the county where it has its registered or principal office. G.S. 1-79.

Bank v. Bank

[3] Both plaintiff and defendant are corporations. Neither has its registered or principal office in Jackson County. Defendant, a domestic corporation, has its principal and registered office in Wilkes County. Therefore, under G.S. 1-79 and G.S. 1-82, Wilkes County is the proper venue.

*Security Mills v. Trust Co.*, 281 N.C. 525, 189 S.E. 2d 266 (1972), cited by the plaintiff, is not applicable to the present situation. The cited case stands for the proposition that under 12 U.S.C. § 94, a national bank is "located" and may be sued in the appropriate State court of each county where it maintains a branch office.

For the reasons stated, the order denying defendant's motion to remove the cause to Wilkes County is

Reversed.

Judges BROCK and PARKER concur.