M. B. SAMPLE AND GERTRUDE Y. SAMPLE v. TOWE MOTOR COMPANY, INC.

No. 741DC596

(Filed 20 November 1974)

**Venue § 5— action involving real property — county where land located as proper venue**

Action to terminate a lease should have been brought in the county where the leased premises were located since the lease in question vested defendant with an estate or interest in real property, and the trial court erred in denying defendant's motion for a change of venue to such county. G.S. 1-76.

APPEAL by defendants from *Horner, Judge,* 3 June 1974 Session of District Court held in DARE County.

Defendant appeals from the denial of his motion for a change of venue to PASQUOTANK County.

*Twiford, Abbott & Seawell by Christopher L. Seawell for plaintiff appellee.*

*Walter G. Edwards; White, Hall, Mullen & Brumsey by Gerald F. White, attorneys for defendant appellant.*

VAUGHN, Judge.

Actions for the recovery of real property, or of an estate or interest therein, or for the determination in any form of such

rights or interest must be brought in the county in which some part of the subject of the action is located. G.S. 1-76.

Plaintiffs alleged that they leased real estate, located in Pasquotank County, to defendant for a term of five years and that the lease was extended for an additional five-year term on 10 August 1972. Plaintiffs alleged defendant had breached the lease by (1) failing to make improvements to the premises and (2) by subleasing the premises. Plaintiffs alleged that they had notified defendant that it had breached the lease and requested defendant to vacate the premises. Plaintiffs asked the Court to order the lease terminated and enter a money judgment for damages.

The lease in question vested defendant with "an estate or interest" in real property. The action seeks to terminate that interest and will require the Court to determine the respective rights of the parties with respect to the leasehold interest. The order denying defendant's motion for a change of venue is reversed.

Reversed.

Judges CAMPBELL and MORRIS concur.