EDGAR J. GURGANUS, JOHN H. GURGANUS AND CHARLES H. MANNING v.
A. TOBY HEDGEPETH

No. 792SC1026

(Filed 20 May 1980)

**Venue § 5.1— action involving real property—county where land located as proper venue**

In an action by plaintiff lessees to have the court declare that they held a leasehold interest in a space in a trailer park, defendant was entitled to a change of venue as a matter of right to the county where the property in question was located. G.S. 1-76.

APPEAL by defendant from *Strickland, Judge.* Order entered 31 July 1979 in Superior Court, MARTIN County. Heard in the Court of Appeals 22 April 1980.

Plaintiffs allege that in 1978 they leased from defendant a space in a trailer park in Dare County, and that although they have complied with the terms of the lease, defendant has advised them to vacate the premises, thereby breaching the contract. They seek specific performance, the removal of the "cloud upon their leasehold title," or, in the event they receive neither of these, damages.

Defendant moved to remove this action from Martin County to Dare County. The court found that this is a transitory rather than a local action and denied defendant's motion.

Gurganus v. Hedgepeth

Defendant appeals.

*Gurganus & Bowen, by Edgar J. Gurganus, for plaintiff appellees.*

*Kellogg, White & Evans, by Thomas N. Barefoot, for defendant appellant.*

ARNOLD, Judge.

G.S. 1-76(1) provides that where an action is for "[r]ecovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest," the action must be tried in the county in which the property is situated. In *Sample v. Towe Motor Company, Inc.*, 23 N.C. App. 742, 209 S.E. 2d 524 (1974), we found that this statute applied to facts much the same as those now before us. There, plaintiff lessors, alleging that defendant had breached the lease, notified defendant to vacate the premises and asked the court to order the lease terminated. We said: "The lease . . . vested defendant with 'an estate or interest' in real property. The action seeks to terminate that interest and will require the Court to determine the respective rights of the parties with respect to the leasehold interest." *Id.* at 743, 209 S.E. 2d 525. We do not find the present case distinguishable merely because the plaintiffs in this action are the lessees rather than the lessors. The thrust of plaintiffs' action is to have the court declare that they still hold a leasehold interest in the property, and such an action falls within G.S. 1-76.

The cases relied upon by plaintiffs are distinguishable upon their facts. *Rose's Stores, Inc. v. Tarrytown Center, Inc.*, 270 N.C. 201, 154 S.E. 2d 320 (1967), involved the construction of a building near plaintiff's store, in alleged violation of plaintiff's lease, and the court noted that the plaintiff did not seek a judgment that would affect an interest in land. *Thompson v. Horrell*, 272 N.C. 503, 158 S.E. 2d 633 (1968), was an action for damages for breach of a contract to construct a house, as was *Wise v. Isenhour*, 9 N.C. App. 237, 175 S.E. 2d 772 (1970). Neither of these involved a determination relating to any estate or interest in land.

Defendant is entitled to a change of venue as a matter of right. The order of the trial court is

State v. Brooks

Reversed.

Judges HEDRICK and ERWIN concur.