A. S. PIERCE AND DANIEL W. TUTTLE, PLAINTIFFS v. ASSOCIATED REST
AND NURSING CARE, INC., DEFENDANT

No. 8721SC1209

(Filed 17 May 1988)

**Venue § 5.1— action to interpret lease—title or interest in property not directly affected—change of venue denied**

Defendant's motion for a change of venue was properly denied in an action in which plaintiffs sought a declaratory judgment interpreting a rent adjustment provision in a lease and enjoining defendant from bringing a separate action for ejectment because the primary question was interpretation of the lease in light of relevant legislative changes. The resolution of that issue will not directly affect title or interest in the property and the action therefore need not be tried in the county where the property is located. N.C.G.S. § 1-76.

APPEAL by defendant from *Walker (Ralph A.), Judge*. Order entered 5 November 1987 in Superior Court, FORSYTH County. Heard in the Court of Appeals 14 April 1988.

In July 1980, plaintiffs and defendant entered into a five-year lease agreement whereby plaintiffs leased from defendant a 123-bed rest home facility in Henderson, Vance County. The lease contained options to purchase and to extend the lease for an additional five years. The lease agreement provided that rent would be paid in monthly installments which would be adjusted annually on 1 September following an increase in payments to rest home patients under the State-County Special Assistance Program. Adjustments to rent would be 20% of the annual increase for ambulatory patients under the program multiplied by 123.

In July 1986, the General Assembly increased the payments to each patient under the program by $30.00 per month. The increase became effective 1 October 1986 following the 1 September lease adjustment date. Subsequently, a dispute arose between plaintiffs and defendant over whether the legislatively-mandated increase required an immediate adjustment in rent or whether the adjustment should be made on 1 September 1987. When plaintiffs did not make an immediate adjustment in their monthly rent payment, defendant gave them notice that they were in default and threatened eviction.

On 31 March 1987, plaintiffs filed an action in Forsyth County seeking a declaratory judgment pursuant to G.S. 1-253 *et seq.*

and G.S. 1A-1, Rule 57. Plaintiffs requested an interpretation of the rent adjustment provision of the lease and asserted that the adjustment was not required until 1 September 1987. Plaintiffs also sought a preliminary injunction to enjoin defendant from bringing a separate action for ejectment while plaintiffs' action was pending.

On 30 April 1987, defendant filed a motion for change of venue from Forsyth County to Vance County pursuant to G.S. 1-76 and 1-83(1) and (2). On 5 May 1987, defendant filed an answer and counterclaim alleging that plaintiffs were in default and owed back rent. On 5 November 1987, the trial court denied defendant's motion for change of venue. Defendant appeals.

*Craige Brawley Liipfert & Ross, by William W. Walker, for plaintiffs-appellees.*

*Petree Stockton & Robinson, by Jackson N. Steele, and Zollicoffer & Zollicoffer, by A. A. Zollicoffer, Jr., for defendant-appellant.*

SMITH, Judge.

Defendant brings forth as its sole assignment of error the trial court's denial of its motion for change of venue. Defendant contends that the instant case directly involves a dispute over a leasehold interest and that pursuant to G.S. 1-76 proper venue is in the county where the property is located. Specifically, defendant argues that plaintiffs' request for an injunction prohibiting defendant from terminating the lease by way of an ejectment action is tantamount to an action affecting title to real property. In its counterclaim, defendant requested a court determination that plaintiffs were in default of the lease. Such a determination, defendant contends, would terminate plaintiffs' leasehold interest and extinguish plaintiffs' option to purchase. Defendant argues that these issues involve the parties' rights to real property and thus G.S. 1-76 applies. We disagree.

First, we note that the case is properly before us. Denial of a motion for change of venue as a matter of right under G.S. 1-76, although interlocutory, is directly appealable. *See Smith v. Mariner,* 77 N.C. App. 589, 335 S.E. 2d 530 (1985), *disc. rev. denied,* 315 N.C. 590, 341 S.E. 2d 29 (1986); *Klass v. Hayes,* 29 N.C. App.

658, 225 S.E. 2d 612 (1976). We further note that defendant does not assign as error or argue in its brief the trial court's denial of change of venue pursuant to G.S. 1-83(1) and (2). Thus we do not review that portion of the trial court's order. App. R. 10(a) and 28(a).

G.S. 1-76 states in pertinent part:

Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated . . .:

(1) Recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property.

Pursuant to this statute, an action must be tried in the county where the property is located when the judgment to which a plaintiff would be entitled upon the allegations of the complaint will affect the title to land. *Thompson v. Horrell*, 272 N.C. 503, 158 S.E. 2d 633 (1968). In determining whether the judgment sought by plaintiff would affect title to land, the court is limited to considering only the allegations of the complaint. *McCrary Stone Service v. Lyalls*, 77 N.C. App. 796, 336 S.E. 2d 103 (1985), *disc. rev. denied*, 315 N.C. 588, 341 S.E. 2d 26 (1986).

In the case *sub judice*, plaintiffs seek a declaratory judgment as to the parties' rights under the lease agreement and seek to enjoin defendant from bringing a separate ejectment action pending a determination of rights under the lease. The primary question to be resolved in this action is interpretation of the lease in light of the relevant legislative changes. Resolution of that question will not directly affect title or interest in the property. Therefore, the action need not be tried in the county in which the property is located.

'Title to realty must be directly affected by the judgment, in order to render the action local, and an action is not necessarily local because it incidentally involves the title to land or a right or interest therein, or because the judgment that may be rendered may settle the rights of the parties by way of estoppel. It is the principal object involved in the action which determines the question.'

*Rose's Stores v. Tarrytown Center*, 270 N.C. 201, 206, 154 S.E. 2d 320, 323 (1967), *quoting* 92 C.J.S., Venue, sec. 26, pp. 723, 724.

Defendant cites *Sample v. Motor Co.*, 23 N.C. App. 742, 209 S.E. 2d 524 (1974), and *Gurganus v. Hedgepeth*, 46 N.C. App. 831, 265 S.E. 2d 922 (1980), to support its contention that G.S. 1-76 applies to the present action. However, both of these cases are distinguishable from the one at bar. In *Sample*, plaintiffs asked the court to terminate defendant's lease. In *Gurganus*, plaintiffs asked the court to remove a "cloud upon their leasehold." In each of these cases, plaintiffs requested the court to make a determination as to the interest or right in the property. Here, plaintiffs ask the court to make a determination that the statutory increase in rates for ambulatory patients effective in October 1986 did not require an immediate increase in plaintiffs' rent.

The *McCrary* case cited herein is similar to the one at bar. Plaintiff there sought a declaratory judgment as to its obligations under a quarry lease. Specifically, plaintiff requested the court to determine whether the lease required it to pay defendants for rock removed from plaintiff's land but processed on defendants' land. Defendants filed an answer and counterclaim alleging breach of the lease and requesting termination of the lease. This Court, looking only to plaintiff's allegations, held that the principal object of plaintiff's action was a declaration of plaintiff's obligation to make rental payments and that the lower court properly denied defendants' change of venue motion under G.S. 1-76. "Such a declaration would not directly affect title to the land . . . . Plaintiff simply seeks an interpretation of its leasehold." *McCrary*, 77 N.C. App. at 799, 336 S.E. 2d at 105. Plaintiffs here also sought declaratory relief as to their obligations regarding rental payments, an interpretation of their lease.

The fact that plaintiffs also sought injunctive relief does not alter our result. Plaintiffs have requested only that defendant be enjoined from filing an ejectment action until after a determination is made on plaintiffs' cause of action. The request for the Court to enjoin a potential filing of an ejectment action does nothing to affect defendant's interest in its property. *See Rose's Stores, supra.* (Court of Appeals reversed trial court's granting of defendant's change of venue motion under G.S. 1-76 in action where plaintiff requested injunctive relief against defendant.)

Looking to the allegations of plaintiffs' complaint, we hold that this action is not one which directly affects title or interest in land. Thus G.S. 1-76 is not applicable. Defendant's motion for change of venue was properly denied.

Affirmed.

Judges JOHNSON and PHILLIPS concur.