WESLEY D. SNOW v. GWYN YATES AND WIFE, ANITA YATES

No. 8921SC958

(Filed 3 July 1990)

1. **Appeal and Error § 126 (NCI4th)— motion for change of venue—immediately appealable**

   The grant of defendants' motion for a change of venue was immediately appealable because the grant or denial of the motion asserting a statutory right to venue affects a substantial right.

   **Am Jur 2d, Appeal and Error § 89.**

SNOW v. YATES

[99 N.C. App. 317 (1990)]

2. **Venue § 5.1 (NCI3d)— action involving existence of lease— local venue proper**

The trial court properly granted defendants' motion for a change of venue where plaintiff brought an action in Forsyth County for declaratory relief regarding the existence of a lease; plaintiff resides in Forsyth County and defendants reside in Ashe County; the lease was executed in Ashe County; the leased property is located in Ashe County; and the court moved the action to Ashe County. Local venue is proper for this action because the principal object of plaintiff's cause of action is a determination of leasehold estate or interest in real property; it is irrelevant that the thrust of plaintiff's action is to have the court declare the nonexistence of his leasehold interest rather than its existence. N.C.G.S. § 1-76.

**Am Jur 2d, Venue § 14.**

APPEAL by plaintiff from order entered 2 June 1989 by *Judge James A. Beaty, Jr.* in FORSYTH County Superior Court. Heard in the Court of Appeals 13 March 1990.

*Littlejohn & Dummit, by Karin Bruce Littlejohn, for plaintiff-appellant.*

*Kilby & Hodges, by Sherrie R. Hodges, for defendant-appellees.*

GREENE, Judge.

Plaintiff appeals the trial court's grant of defendants' motion for change of venue.

Plaintiff brought an action in Forsyth County for declaratory relief regarding existence of a lease in which plaintiff is lessee and defendants are lessors. Plaintiff resides in Forsyth County and defendants reside in Ashe County. The lease was executed in Ashe County. The leased property is located in Ashe County. Plaintiff alleged:

plaintiff met with the defendants and terminated the lease by notice of thirty days or more. . . . the *defendants are claiming that the lease is in full force and effect* and the defendants have not relet the premises, continuing to demand rent from the plaintiff. . . . An actual . . . controversy exists between the plaintiff and the defendants as to their legal rela-

tions in respect to the contract of lease and the rights of the parties can be determined only by a declaratory judgment. [Plaintiff prayed the court for the following relief:] [*d*]*e*[*c*]*laring the rights of the plaintiff and the defendants under the contract of lease* . . . [*d*]*eclaring that the defendants are not entitled to recover from plaintiff any amounts alleged to be due under the lease from the date of termination* . . .

Emphases added.

Defendants filed a pre-answer motion to remove the action to Ashe County, pursuant to N.C.G.S. § 1A-1, Rule 12(b). The trial court granted defendants' motion.

---

The issues are (I) whether the interlocutory appeal of grant of defendants' motion for change of venue was permissible; (II) whether potential judgment on plaintiff's complaint directly affects an interest or estate in real property, so that venue is where the property is located; and (III) whether the clerk had authority to transfer the case pending appeal of the court's grant of the motion for proper venue.

I

[1] As a threshold matter, the parties do not address whether the trial court's grant of defendants' motion is immediately appealable. We determine that it is.

A right to venue established by statute is a substantial right. *Gardner v. Gardner*, 300 N.C. 715, 719, 268 S.E.2d 468, 471 (1980). When a defendant asserts improper venue in a timely writing, the question of removal is a matter of substantial right, and the court of original venue must consider and determine the motion before it takes any other action. *Little v. Little*, 12 N.C. App. 353, 355, 183 S.E.2d 278, 279 (1971). An appeal of an order disposing of such a motion is interlocutory because it "does not dispose of the case." *DesMarais v. Dimmette*, 70 N.C. App. 134, 135, 318 S.E.2d 887, 888 (1984). However, grant or denial of a motion asserting a statutory right to venue affects a substantial right and is immediately appealable. *Gardner*, at 719, 268 S.E.2d at 471. Immediate appeal prevents "injury to the aggrieved party which could not be corrected if no appeal was allowed before the final judgment." *DesMarais*, at 136, 318 S.E.2d at 889.

II

[2]   Plaintiff contends that N.C.G.S. § 1-76 is inapplicable because the judgment to which he is entitled based on his complaint allegations operates *in personam* and therefore does not directly affect title to the land. We disagree.

In case law parlance, when N.C.G.S. § 1-76 controls an action's venue, the venue is considered "local" because the action must be tried in the county which is the situs of land whose title is affected by the action. *Thompson v. Horrell*, 272 N.C. 503, 504-505, 158 S.E.2d 633, 634 (1968). Conversely, an action is "transitory" when it does not directly affect title to land and it must be tried in the county in which at least one of the parties resides when plaintiff commences suit. *Id.*, at 505, 158 S.E.2d at 635.

An action whose subject is "[r]ecovery of real property, or of an estate or interest therein, or for the *determination in any form of such right or interest . . .*" must "be tried in the county in which the subject of the action, or some part thereof, is situated." N.C.G.S. § 1-76(1) (Cum. Supp. 1989) (emphasis added); *Pierce v. Associated Rest and Nursing Care, Inc.*, 90 N.C. App. 210, 212, 368 S.E.2d 41, 42 (1988) (citation omitted) (N.C.G.S. § 1-76 controls venue for an action whose judgment would affect title to land).

"If the county designated . . . is not the proper one" defendant may demand in writing removal to the proper county before his time for answering expires. N.C.G.S. § 1-83 (Cum. Supp. 1989).

"In determining whether the judgment sought by plaintiff would affect title to land, the court is limited to considering only the allegations of the complaint." *Pierce*, at 212, 368 S.E.2d at 42. To render an action local:

> [t]itle to property must be directly affected by the judgment. . . . It is the principal object involved in the action which determines the question, and if the judgment or decree operates directly and primarily on the estate or title, and *not alone in personam against the parties*, the action will be held local.

*Rose's Stores, Inc. v. Tarrytown Center, Inc.*, 270 N.C. 201, 206, 154 S.E.2d 320, 323 (1967) (citation omitted) (emphasis added).

A lease vests its lessors with " 'an estate or interest' in real property." *Sample v. Towne Motor Co., Inc.*, 23 N.C. App. 742, 743, 209 S.E.2d 524, 525 (1974). When a party brings an action

that "seeks to terminate [a vested estate or interest in real property] and will require the Court to determine the respective rights of the parties with respect to the leasehold interest," the action falls within the purview of N.C.G.S. § 1-76. *Id.* A suit to terminate a lease is subject to the local venue requirement regardless of whether the complainants are lessors or lessees. *Gurganus v. Hedgepeth*, 46 N.C. App. 831, 832, 265 S.E.2d 922, 923 (1980). When "[t]he thrust of plaintiff[-lessee]s' action is to have the court declare that they still hold a leasehold interest in the property . . . such an action falls within [N.C.]G.S. 1-76." *Id.*

We determine that local venue is proper for this action, for two reasons. First, the 'principal object' of plaintiff's cause of action is a determination of leasehold estate or interest in real property. According to plaintiff's allegations, the parties dispute the existence of the lease, and plaintiff would be entitled to the court's judgment declaring termination of defendants' lessor interest. It is irrelevant that the thrust of plaintiff's action is to have the court declare the nonexistence of his leasehold interest, rather than its existence. Our focus is on the effect of the potential judgment on the estate or interest and not on the manner in which the parties achieve the effect. The court's judgment adjudicating the existence or nonexistence of the lease will directly and primarily affect defendant-lessors' vested interest in the leasehold. Dispute over the existence of a lease substantively differs from a case in which the parties request the court to sort out their obligations either pursuant to a continuing lease or after they terminate the lease. *See Rose's Stores*, at 206, 154 S.E.2d at 324 (plaintiff's suit for specific performance, asking the court to construe the terms of a lease agreement, is a transitory action). In such a case, title is not in question.

Second, it is irrelevant that judgment will operate *in personam* if judgment also directly affects title to the property. According to the criteria in our Supreme Court's *Rose's Stores* decision, an action will be transitory only if judgment operates "alone" *in personam* against the parties and not directly on an estate or title. Therefore, we determine that the court was correct in ordering removal to local venue.

### III

Our determination that the trial court correctly granted defendants' motion to remove for proper venue renders unnecessary our review of plaintiff's argument that plaintiff's appeal stayed

the superior court clerk's transfer of the case to Ashe County pursuant to the trial court's order for removal. *See* N.C.G.S. § 1-87 (Cum. Supp. 1989).

Affirmed.

Judges WELLS and EAGLES concur.