KIRKLAND'S STORES, INC., Plaintiff v. CLEVELAND GASTONIA, LLC, CLEVELAND GASTONIA II, LLC, SANDWICK GASTONIA, LLC, and PANERA, LLC, Defendants

No. COA12-397

(Filed 16 October 2012)

**1. Appeal and Error—interlocutory order and appeal—substantial right**

Defendants' appeal from the denial of their motion to change venue affected a substantial right and was immediately appealable.

## 2. Venue—motion for change denied—interpretation and enforcement of lease—transitory

The trial court did not err by denying defendants' motions to change venue under N.C.G.S. § 1A-1, Rule 12(b)(3) and N.C.G.S. §§ 1-76 and 1-83. Because the principal object of plaintiff's action involved interpretation and enforcement of the lease, rather than termination of the lease, the case was transitory for venue purposes.

Appeal by defendants from order entered 21 December 2011 by Judge Lucy N. Inman in Wake County Superior Court. Heard in the Court of Appeals 13 September 2012.

*Bailey & Dixon, L.L.P., by Adam N. Olls, Michael L. Weisel, and David S. Wisz, for plaintiff-appellee.*

*Templeton & Raynor, P.A., by Kenneth R. Raynor, for defendant-appellants Cleveland Gastonia, LLC, Cleveland Gastonia II, LLC, and Sandwick Gastonia, LLC.*

*Horack, Talley, Pharr & Lowndes, P.A., by Keith B. Nichols and John W. Bowers, for defendant-appellant Panera, LLC.*

HUNTER, JR., Robert N., Judge.

Defendants Cleveland Gastonia, LLC ("Cleveland Gastonia"), Cleveland Gastonia II, LLC ("Cleveland Gastonia II"), Sandwick Gastonia, LLC ("Sandwick Gastonia") and Panera, LLC ("Panera") (collectively, "Defendants") appeal the trial court's denial of their motions to change venue under Rule 12(b)(3) of the North Carolina Rules of Civil Procedure as well as N.C. Gen. Stat. §§ 1-76 and 1-83. Upon review, we affirm the decision of the trial court.

## I. Facts & Procedural History

On or about 27 May 2004, Kirkland's Stores, Inc. ("Plaintiff") entered into a Standard Commercial Shopping Center Lease (the "Lease") with CK Cox-Franklin, LLC ("CK Cox-Franklin"). Under the terms of this agreement, Plaintiff leased for a five-year term approximately 5,254 square feet of commercial space in a shopping center (the "Shopping Center") then owned by CK Cox-Franklin in Gastonia. CK Cox-Franklin subsequently assigned its rights, title, and interest in the Lease and Shopping Center to Cleveland Gastonia, Cleveland Gastonia II, and Sandwick Gastonia (collectively, the "Landlord") as tenants in common. The Lease was later extended until 31 January 2015.

Plaintiff operates a home décor store in the Shopping Center. Because Plaintiff receives regular shipments of goods, Plaintiff negotiated for the Lease to provide that "[e]xcept as required by law, Landlord will take no action which materially or adversely affects Tenant's visibility or access" to the "Common Area," including "loading areas."

Defendant Panera operates a bakery-café in the Shopping Center. In late 2010 or early 2011, Defendant Panera approached Landlord about constructing and operating a drive-through window immediately behind its storefront. Because the planned drive-through window was within several feet of Plaintiff's freight access doors and loading area, a representative of Landlord notified Plaintiff of the planned construction several days before its commencement. Plaintiff objected to the construction of the drive-through window before its commencement.

Landlord and Panera completed construction of the drive-through window, and Plaintiff subsequently brought suit in Wake County Superior Court on 10 August 2011, claiming: (1) breach of contract; (2) declaratory judgment; (3) breach of duty of good faith and fair dealing; (4) breach of contract—third-party beneficiary; (5) tortious interference with contract; (6) private nuisance; and (7) injunctive relief. On 16 August 2011, Plaintiff filed a First Amended Complaint, adding to its original prayer for relief, *inter alia*, that:

> [i]n the alternative to the injunctive relief requested herein, . . . the Court enter a judgment declaring that Plaintiff is entitled to a declaratory judgment that Landlord's material and incurable breaches of the Lease excuse any further performance from Plaintiff thereunder and relieving Plaintiff of any further liability under the Lease[.]

Plaintiff further elaborated that the trial court should enter a judgment declaring that Landlord's breaches "entitl[e] Plaintiff to abandon its possession of the Premises[.]"

On 9 September 2011, Panera timely filed a Motion to Change Venue. On 14 September 2011, Cleveland Gastonia, Cleveland Gastonia II, and Sandwick Gastonia timely filed a Motion to Transfer Venue. In a 21 December 2011 Order, the Wake County Superior Court denied Defendants' motions to change venue. Defendants filed timely notice of appeal from the trial court's order denying their motions to change venue.

## II. Jurisdiction & Standard of Review

This court has jurisdiction to hear the instant appeal pursuant to N.C. Gen. Stat. § 7A-27(d) (2011). "Issues of statutory construction are questions of law, reviewed de novo on appeal." *McKoy v. McKoy*, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010). " 'Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (quoting In *re Greens of Pine Glen Ltd.*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

## III. Analysis

On appeal, Defendants argue the trial court erred by denying their motions to change venue. We disagree and affirm the trial court's ruling.

**[1]** Preliminarily, we note that although parties generally have "no right of immediate appeal from interlocutory orders and judgments[,]" *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990), Defendants have an appeal of right under N.C. Gen. Stat. § 7A-27(d)(1) (2011) because they appeal from an "interlocutory order or judgment of a superior court or district court in a civil action or proceeding which . . . [a]ffects a substantial right[.]" As our Supreme Court has stated, "[a]lthough the initial question of venue is a procedural one, there can be no doubt that a right to venue established by statute is a substantial right. Its grant or denial is immediately appealable." *Gardner v. Gardner*, 300 N.C. 715, 719, 268 S.E.2d 468, 471 (1980) (internal citation omitted).

**[2]** Under N.C. Gen. Stat. § 1-76 (2011), actions for "[r]ecovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property" "must be tried in the county in which the subject of the action, or some part thereof, is situated[.]" On the other hand, N.C. Gen. Stat. § 1-82 (2011) prescribes that "[i]n all other cases the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement, or if none of the defendants reside in the State, then in the county in which the plaintiffs, or any of them, reside[.]"

To determine which statute applies to a given set of facts, our Supreme Court has succinctly stated that

> [t]he test is this: If the judgment to which plaintiff would be entitled upon the allegations of the complaint will affect the title to

land, the action is local and must be tried in the county where the land lies unless defendant waives the proper venue; otherwise, the action is transitory and must be tried in the county where one or more of the parties reside at the commencement of the action.

*Thompson v. Horrell*, 272 N.C. 503, 504-05, 158 S.E.2d 633, 634-35 (1968).

For purposes of venue, this Court has previously held that a party to a leasehold has "an estate or interest in real property." *Sample v. Towe Motor Co.*, 23 N.C. App. 742, 743, 209 S.E.2d 524, 525 (1974) (quotation marks omitted). "When a party brings an action that seeks to terminate [a vested estate or interest in real property] and will require the Court to determine the respective rights of the parties with respect to the leasehold interest, the action falls within the purview of N.C.G.S. § 1-76." *Snow v. Yates*, 99 N.C. App. 317, 320-21, 392 S.E.2d 767, 769 (1990) (alteration in original) (citation omitted) (quotation marks omitted). Thus, "[a] suit to terminate a lease is subject to the local venue requirement." *Id.* at 321, 392 S.E.2d at 769. " 'In determining whether the judgment sought by plaintiff would affect title to land, the court is limited to considering only the allegations of the complaint.' " *Id.* at 320, 392 S.E.2d at 769 (quoting *Pierce v. Associated Rest and Nursing Care, Inc.*, 90 N.C. App. 210, 212, 368 S.E.2d 41, 42 (1988)).

Conversely, a claim that merely seeks interpretation and enforcement of the terms of a lease, as opposed to termination of the lease, is transitory for venue purposes. *See Rose's Stores, Inc. v. Tarrytown Center, Inc.*, 270 N.C. 201, 206, 154 S.E.2d 320, 323-24 (1967). For instance, in *Rose's Stores*, the plaintiff sought a permanent injunction to prevent the defendants from violating the terms of a lease agreement. *Id.* at 202, 154 S.E.2d at 321. In that case, our Supreme Court reasoned that the right at issue was "a personal right and does not run with the land. Whatever the outcome of this action, the title to the land would not be affected." *Id.* at 206, 154 S.E.2d at 324. Because "[t]he complaint sounds of breach of contract and not for recovery of real property, or of an estate or interest therein," the court in *Rose's Stores* found venue to be transitory. *Id.* (citation omitted) (quotation marks omitted).

In the present case, Plaintiff's initial 10 August 2011 Complaint did not seek termination of the Lease, but rather enforcement of the terms of the Lease. However, on 16 August 2011, Plaintiff filed its First Amended Complaint, which added as an alternative claim for

relief that the trial court "excus[e] further performance from Plaintiff under the Lease, entitl[e] Plaintiff to abandon its possession of the Premises and reliev[e] Plaintiff of any further liability under the Lease[.]"

We now determine whether the addition of this alternative claim seeking termination of the Lease results in local venue for Plaintiff's entire suit. We conclude that because the principal object of Plaintiff's action involves interpretation and enforcement of the Lease, rather than termination of the Lease, the case is transitory for venue purposes.

Our Supreme Court has clarified that

> an action is not necessarily local because it incidentally involves the title to land or a right or interest therein, or because the judgment that may be rendered may settle the rights of the parties by way of estoppel. It is the *principal object* involved in the action which determines the question, and if title is principally involved or if the judgment or decree operates directly and primarily on the estate or title, and not alone in personam against the parties, the action will be held to be local.

*Id.* at 206, 154 S.E.2d at 323 (emphasis added) (citation omitted) (quotation marks omitted); *see also McCrary Stone Service, Inc. v. Lyalls*, 77 N.C. App. 796, 799, 336 S.E.2d 103, 105 (1985) ("Here the *principal object* of plaintiff's action, as formulated in its complaint, is a judicial declaration as to whether it is obligated to make rental payments for rock quarried from land adjacent to leased premises. Such a declaration would not directly affect title to the land." (emphasis added)); *Gurganus v. Hedgepeth*, 46 N.C. App. 831, 832, 265 S.E.2d 922, 923 (1980) ("The *thrust* of plaintiffs' action is to have the court declare that they still hold a leasehold interest in the property, and such an action falls within G.S. 1-76." (emphasis added)). Thus, in the present case, we look for the "principal object" of Plaintiff's action.

Defendants rely on *Snow* and *Sample* to argue that when *any* of a plaintiff's claims involve title to or an interest in real property, venue is local. Nonetheless, although the courts in those cases found venue to be local, the primary goal of the claims in *Snow* and *Sample* was determination of the existence of a lease rather than interpretation of the terms of a lease. *See Snow*, 99 N.C. App. at 321, 392 S.E.2d at 769 ("[T]he 'principal object' of plaintiff's cause of action is a determination of leasehold estate or interest in real property."); *Sample*, 23 N.C. App. at 743, 309 S.E.2d at 525 ("Plaintiffs asked the Court to

order the lease terminated and enter a money judgment for damages."). Consequently, both *Snow* and *Sample* comport with the "principal object" test outlined in *Rose's Stores.*

Here, the principal object of Plaintiff's action is interpretation and enforcement of the Lease. Plaintiff's first Complaint did not even seek termination of the Lease, and its First Amended Complaint only sought termination of the Lease as an alternative to its original claims. Consequently, venue is transitory and the trial court did not err in denying Defendants' motions for change of venue.

## IV. Conclusion

Because the principal object of Plaintiff's claims did not involve title to or an interest in real property, we conclude venue is transitory and the trial court appropriately denied Defendants' motions to change venue. The trial court's decision is

Affirmed.

Judges ERVIN and MCCULLOUGH concur.