An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-552

NORTH CAROLINA COURT OF APPEALS

Filed: 7 January 2014

I.B.S.A., INC., d/b/a INDEPENDENT
BUILDERS SUPPLY ASSOCIATION, INC.,
     Plaintiff,

v.                                Johnston County
                                  No. 11 CVS 3878
BUILDER'S SUPPLY, INC., BRENDA B.
SCHLIE, JOHN T. SCHLIE, DAVID M.
BOLDON, DAVID BOLDON, INC., and
CONTRACTOR'S LUMBER COMPANY,
     Defendant.


     Appeal by defendants from order entered 1 October 2012 by

Judge James Ammons, Jr. in Johnston County Superior Court.

Heard in the Court of Appeals 10 October 2013.


     *Daughtry, Woodard, Lawrence & Starling, by Luther D.
     Starling, Jr., for plaintiff-appellee.*

     *Terry F. Rose, for defendants-appellants.*


     HUNTER, JR., Robert N., Judge.


     Builder's Supply, Inc., Brenda B. Schlie, John T. Schlie,

David M. Boldon, David Boldon, Inc., and Contractor's Lumber

Company (collectively, "Defendants") appeal from an order

denying their motion to transfer venue. Because we find the action to be predominantly transitory and not local, we affirm.

## I. Factual & Procedural Background

I.B.S.A., Inc., d/b/a Independent Builders Supply Association, Inc. ("Plaintiff") obtained a judgment against Defendant Builder's Supply Inc. ("Builder's Supply") in Lincoln County Superior Court File No. 08-CVS-1819 on 4 December 2008 for $325,709.77. At the time the judgment was entered, Defendants Brenda Schlie and David Boldon owned all of the stock of and were the only officers of Builder's Supply.

Brenda and John Schlie owned five acres in Lincoln County on which Builder's Supply conducted its business ("Store Property"). From the complaint, it appears that Builder's Supply owned real property in Maple Leaf Subdivision in Lincoln County ("Maple Leaf Property"). David Boldon was the sole owner and officer of Defendant David Boldon, Inc. David Boldon, Inc. owed Builder's Supply $100,000 on an account.

On 3 February 2009, the Clerk of Court in Lincoln County issued a writ of execution against Builder's Supply in the amount of $334,869.71 plus interest from 30 September 2008. The writ of execution was returned unsatisfied on 6 July 2009.

On 28 May 2009, during the time period that the writ of execution was outstanding, Brenda Schlie, individually and on behalf of Builder's Supply, executed and filed a confession of judgment in favor of her husband, Defendant John Schlie, in the amount of $119,173.90.

On 19 July 2009, Builder's Supply sent an open letter, written by Brenda Schlie, stating that Builder's Supply would be going out of business and would not have sufficient funds to pay unsecured creditors.

In August 2009, Plaintiff sent Builder's Supply a request to verify its records and accounts. Neither Brenda Schlie nor Builder's Supply responded to the request. On 24 September 2009, the Clerk of Court in Lincoln County issued an order requiring Brenda Schlie to appear and testify regarding Builder's Supply's assets and enjoining the transfer of assets. Attempts to serve Brenda Schlie at her residence were unsuccessful. A similar order on 20 October 2009 was also unable to be served at Brenda Schlie's residence.

On 11 December 2009, David Boldon filed Articles of Incorporation forming Defendant Contractor's Lumber Company ("Contractor's Lumber"). On 22 December 2009, Brenda and John Schlie transferred the Store Property to Contractor's Lumber.

All inventory and remaining assets in the store were transferred to Contractor's Lumber. Contractor's Lumber never opened for business and the transfers were made either without consideration or without fair and adequate consideration.

On 27 August 2010, Contractor's Lumber held an auction to sell the Store Property and the building supplies and equipment. Although the Store Property itself did not sell, the goods yielded net proceeds of $42,837.45.

On 29 February 2010, David Boldon, Inc. obtained a judgment against Builder's Supply, despite the fact that David Boldon, Inc. owed in excess of $100,000.00 to Builder's Supply. As a result of that judgment, the Maple Leaf Property was placed in the name of David Boldon, Inc., on 21 October 2010.[1]

On 30 November 2011, Plaintiff filed a complaint in the present action in Johnston County: 1) asking the court to pierce the corporate veil with regard to David Boldon and Brenda Schlie; 2) alleging fraudulent transfer of Builder's Supply inventory and of the Maple Leaf Property; and 3) alleging that the confession of judgment in favor of John Schlie was fraudulent.

---

[1] For purposes of this opinion, we assume the Maple Leaf Property was subject to the judgment lien at the time of this transfer.

On 28 December 2011, Builder's Supply, David Boldon, David Boldon, Inc. and Contractor's Lumber filed a "motion for removal" of the action to Lincoln County on the ground that the complaint sought to set aside the deed to property located in Lincoln County. On 19 March 2012, Builder's Supply, Brenda Schlie, and John Schlie filed a similar motion for removal. On 1 October 2012, the trial court denied the motion for removal. On 25 October 2012 and 29 October 2012, Defendants filed timely notice of appeal.

## II. Jurisdiction & Standard of Review

This Court has jurisdiction to hear the instant appeal pursuant to N.C. Gen. Stat. § 7A-27(b)(3) (Supp. 2013). Although parties generally have "no right of immediate appeal from interlocutory orders and judgments[,]" *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990), Defendants have an appeal of right under N.C. Gen. Stat. § 7A-27(b)(3) because they appeal from an "interlocutory order or judgment of a superior court or district court in a civil action or proceeding which . . . [a]ffects a substantial right." As our Supreme Court has stated, "[a]lthough the initial question of venue is a procedural one, there can be no doubt that a right to venue established by statute is a substantial right. Its

grant or denial is immediately appealable." *Gardner v. Gardner*, 300 N.C. 715, 719, 268 S.E.2d 468, 471 (1980) (internal citation omitted).

"Issues of statutory construction are questions of law, reviewed de novo on appeal." *McKoy v. McKoy*, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010). "'Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (quoting *In re Greens of Pine Glen Ltd.*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

### III. Analysis

On appeal, Defendants argue the trial court erred by denying their motions to remove the case to Lincoln County. We disagree and affirm the trial court's ruling.

Under N.C. Gen. Stat. § 1-76 (2011), actions for "[r]ecovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property must be tried in the county in which the subject of the action, or some part thereof, is situated[.]" On the other hand, N.C. Gen. Stat. § 1-82 (2011) prescribes that "[i]n all other cases the action must be

tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement, or if none of the defendants reside in the State, then in the county in which the plaintiffs, or any of them, reside[.]"

To determine which statute applies to a given set of facts, our Supreme Court has stated:

> If the judgment to which plaintiff would be entitled upon the allegations of the complaint will affect the title to land, the action is local and must be tried in the county where the land lies unless defendant waives the proper venue; otherwise, the action is transitory and must be tried in the county where one or more of the parties reside at the commencement of the action.

*Thompson v. Horrell*, 272 N.C. 503, 504–05, 158 S.E.2d 633, 634–35 (1968).

Our Supreme Court has further explained:

> an action is not necessarily local because it incidentally involves the title to land or a right or interest therein, or because the judgment that may be rendered may settle the rights of the parties by way of estoppel. It is the *principal object* involved in the action which determines the question, and if title is principally involved or if the judgment or decree operates directly and primarily on the estate or title, and not alone *in personam* against the parties, the action will be held local.

*Rose's Stores, Inc. v. Tarrytown Center, Inc.*, 270 N.C. 201, 206, 154 S.E.2d 320, 323 (1967) (emphasis added) (quotation marks and citation omitted). Thus, in the present case, we look for the "principal object" of Plaintiff's action. *See Kirkland's Stores, Inc. v. Cleveland Gastonia, LLC*, ___ N.C. App. ___, ___, 733 S.E.2d 885, 889 (2012).

Taken together, Plaintiff's action seeks to collect money on an account and to enforce its judgment against the debtor and his allies, whose actions have been taken in an effort to defraud creditors. The complaint, in effect, is an effort to aid in executing the Plaintiff's prior judgment. Unlike cases in which determining the ownership of legal interests in land is paramount, here the dispute is centered solely on a remedy which is monetary damages. Put differently, Plaintiff does not desire to adjudicate the title to the property *per se* but is only concerned with the amount of equity, if any, remaining at the time of the transfer, which could be used to pay the judgment. The only realty at issue in this case appears to be the Maple Leaf Property in which Plaintiff already has a superior lien. It is therefore obvious the Plaintiff's requested relief of setting aside the transfer is surplusage and not the main object

of the suit.   Under these facts, we hold the action is transitory in nature and not local.

Because the principal object of Plaintiff's action is recovery of monetary damages, Plaintiff's action is incidental to the principal object of recovering assets that were allegedly fraudulently transferred.   Therefore, venue is transitory and the trial court did not err in denying Defendants' motions for removal.

## IV.  Conclusion

For the foregoing reasons, the decision of the trial court is

AFFIRMED.

Judges ERVIN and DAVIS concur.

Report per Rule 30(e).